## CIRCUIT COURT OF CLARKE COUNTY

Louise J. McKay

    v.

Clarke County School Board et al.

December 31, 1987

Case No. (Chancery) 2644

By JUDGE ROBERT K. WOLTZ

In its present posture this case involving the dismissal of a teacher by a school board presents the issue whether the complainant has a right of appeal to this court, the issuance by it of a writ of certiorari directed to the school board and the jurisdiction of this court to hear and reverse the decision of the school board. The complainant filed a three count bill of complaint for declaratory judgment in which those items of relief were asked for in her second count. Defendants filed a demurrer to the bill. The demurrer was sustained to the first count seeking to vacate the action of the school board, declare that action void and issue an injunction against the board. A third count sued the defendants for defamation which by order previously entered was transferred to the law side of the docket, Code § 8.01-270. The demurrer is sustained as to count two.

The complainant was employed as a teacher by the school board, in a "continuing contract status," having been employed for twenty-three years. She complains that her dismissal by action of the school board was wrongful and seeks this appeal. Implicit from the pleadings and briefs of counsel is the fact that the action of the school board was preceded by the administrative steps required for resolution of grievances and dismissal of teachers

as provided in Title 22.1, Chapter 15, Article 3 of the Code, §§ 22.1-306 *et seq.* and Part B of the Procedure for Adjusting Grievances adopted by the Board of Education pursuant to statute. No complaint is made that the procedural steps provided by statute and regulation were not followed.

Procedural due process having been followed, the complaint is to the substantive decision of the school board to dismiss. The right of the complainant to appeal that decision to a court and have judicial review of it is not a requisite of due process. "The due process clause does not require state courts to be the final arbiters of the merits of a disciplinary discharge." *Detweiler* v. *Commonwealth of Virginia*, 705 F.2d 557, 561 (4th Cir. 1983) (footnote and citation omitted).

That being so, the next inquiry is whether such appellate rights and judicial review are authorized by statute. Article VIII, § 7, of the Constitution of Virginia (1971) provides that "the supervision of schools in each school division shall be vested in a school board. . ." Pursuant to that provision § 22.1-313(A) provides "The School board shall retain its *exclusive final authority* over matters concerning employment and supervision of its personnel, including dismissals, suspensions and placing on probation." (Emphasis added.) There is no issue that the present controversy is a "grievance" as defined in Section 22.1-306. Section 22.1-308 requires the Board of Education to adopt specific grievance procedures and in subsection A8 that there be procedurally "[a] *final step* which shall provide for a *final decision* on the grievance by the school board." (Emphasis added.)

As no provision in Title 22.1, Chapter 15, Article 3 provides for appeal of grievance decisions by a school board to a court, the statutes cited above appear to be conclusive in plain English that the decision of the school board on such matters is final. This is underscored by the fact that the judiciary is statutorily involved in only two respects regarding these grievance procedures. First, the question of what constitutes a grievance can arise, that is, is a dispute grieveable under the statutory definition of a grievance. Section 22.1-314 provides in part, "Decisions of the school board may be appealed to the circuit court having jurisdiction in the school division

for a hearing on the issue of grievability." Additionally, Section 22.1-312, providing for a hearing before a fact finding panel, provides a mechanism involving the chief judge of a circuit whereby the third member of such a panel is selected if the two initial panel members (selected by the parties) cannot agree on the third member. In the absence of other provisions for judicial participation, these two sections specifically requiring judicial intervention in grievance matters strongly argue that those are the only instances where such intervention is to be had in what is otherwise a strictly administrative procedure. The limitation of judicial intervention to these two particular instances serves to confirm and reinforce the express statutory language of § 22.1-313 above that the school board is the final authority on substantive matters in grievances involving dismissal of teachers.

Section 2.1-114.5:1 sets up an analogous procedure for handling of grievances of state employees. That procedure also supports the conclusion that the substantive decision of the school board is final and not subject to judicial review. Subsection D4 of that statute provides for involvement of the chief judge of the circuit with regard to selection of a third hearing panel member, and subsection E provides for an appeal to the circuit court "for a hearing de novo on the issue of whether or not the grievance qualifies for a panel hearing." (There is also provision in subsection F for petition by either party to the circuit court "for an order requiring implementation of the decision of the panel.") This analogous procedure provides for no other involvement of the judiciary but provides in subsection D4 that the decision of the panel "shall be final." The similarity of subject matter and procedure for disposition of school employee and state employee grievances both point to the same conclusion: no judicial review of final administrative decision.[1]

The intent of the General Assembly is clear in school personnel grievance procedures, control and discipline of personnel and expedition of decision being of great importance to school boards in discharge of their constitu-

---

[1] No opinion is expressed herein as to questions of violation by administrative action of fundamental rights of speech, religion and the like.

tional mandate, that the judiciary be involved only incidentally and only in procedural matters. By parity of reasoning, the judiciary is without jurisdiction to hear an appeal from or interfere with the substantive final decision of a school board in such matters.

For the foregoing reasons, it is my opinion that the demurrer should be sustained as to the second count. Other circuit courts have similarly reached the same conclusion. *Boetcher v. School Board of the City of Virginia Beach*, Circuit Court of the City of Virginia Beach, Law No. 16,083 (April 18, 1984)[2]; and order entered in *Alice L. Kunkle v. School Board of Manassas Park*, Circuit Court of Prince William County, No. 18,412 (June 22, 1987).

---

[2] This opinion is printed below at page 539.