## CIRCUIT COURT OF LOUDOUN COUNTY

Cathleen B. Burk

v.

Loudoun County School Board

September 7, 1993

Case Nos. (Law) 14744, 14745

BY JUDGE THOMAS D. HORNE

This case arises out of an appeal from the decision of the Loudoun County School Board relating to a teacher grievance filed by Cathleen B. Burk. The Division Superintendent and the School Board found the complaint of Ms. Burk not to be "grievable." Upon the institution of the instant appeal to this Court pursuant to § 22.1–314, Code of Virginia as amended, the School Board filed a Motion to Dismiss. The thrust of the Board's argument was that the appeal was not properly "filed" in accordance with the provisions of § 22.1–314, Code of Virginia, and the procedures adopted by the Virginia Board of Education.

With respect to such appeals, the legislature has provided that:

> [p]roceedings for review of the decision of the school board shall be instituted by *filing a notice of appeal* with the school board within ten days after the date of the decision and giving a copy thereof to all other parties.

§ 22.1–314, Code of Virginia.

Nowhere in the provisions of Title 22.1, does the legislature particularize the nature either of the filing requirement or that of giving a copy to the other parties. The grievance procedures adopted by the State Board of Education specifically define the phrases, "shall file," "shall respond in writing," or "shall serve written notice" as meaning that, "the document is either delivered personally to the grievant or office of the proper School Board representative or is mailed by registered or certified mail/return receipt requested, and postmarked

within the time limits prescribed by the procedure." The Board seeks not only to make these definitional references relevant to administrative procedures antecedent to judicial review but to the statute limiting judicial review of "grievability complaints." Statutes relating to teacher grievances are remedial in nature and should be given a liberal construction. Accordingly, the Court is of the opinion that, unless otherwise specifically limited by Board regulation, the words "by filing" should be given their broadest construction, viz. to submit such an appeal. The Court finds that this was accomplished in the instant case when the Petitioner deposited her written grievance in the mail by first class postage. This mailing occurred within the ten day period prescribed by the statute.

This is not a case involving mere forms of expression, a limitation on the use of words, or redundancy in definition. Cf. *People ex rel. Dunbar* v. *Gym of America*, 493 P.2d 660, 50 A.L.R. 3d 992 (1972). In this case, the regulations, if applied in the fashion urged by the School Board, would have the effect of limiting review of grievances without specific mandate of statute or regulation.

Accordingly, the Motion to Dismiss is denied. As the record has been produced by the Board, certiorari has been rendered moot.

A "grievance" is defined, *inter alia*, as "a complaint or dispute by a teacher relating to his or her employment including, but not necessarily limited to: (i) disciplinary action including dismissal or placing on probation," etc. § 22.1–306, Code of Virginia, as amended. In the instant case, a letter written to the Petitioner by her supervisor was placed in her personnel file maintained in the principal's office of her school. No such letter was filed in the teacher's personnel file in the central office.

The testimony and exhibits clearly demonstrate that the insertion of the letter in the personnel file of the Petitioner related to her employment. It was placed there because the principal of the school had directed that all such correspondence involving the paperwork of this teacher be forwarded and filed in her personnel file.

The second sentence of the letter appears to be the *raison d'etre* of the instant complaint. Otherwise, the letter appears no more than either a mere information item or matter of personnel policy excluded from complaints of "grievability" under the statute. That sentence states, "[t]here were, however, pertinent pieces of information which were left incomplete." The reasonable inference to be gleaned from this

statement, and the context in which it came to be placed in an individual personnel file, is that the supervisor believed her work not to be in conformity with established procedures. Simply put, she failed to follow directions. To say that such a complaint, within the context of its placement in the personnel file, does not relate to her employment ignores the obvious.

Lastly, the instant complaint/dispute does not fall within any of the enumerated categories of complaints exempted from the act.

While counsel for the School Board suggests such a construction by the Court will open a "Pandora's Box" of complaints by teachers seeking to grieve employment concerns, those arguments are best addressed to the legislature. Nor is the holding in the case of *Tazewell County School Board v. Gillenwater*, 241 Va. 166 (1991), applicable in this case. That case dealt with the specific exceptions of transfers from the ambit of the grievability statute. Therefore, the Court finds the complaint to be "grievable" and will reverse the decision of the School Board.