## CIRCUIT COURT OF WARREN COUNTY

Dorothy A. Sullivan

    v.

Warren County
School Board

June 16, 1999

Case No. (Law) 98-215

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on the Defendant's demurrer and motion to amend. The Court had previously heard oral argument and the parties submitted briefs. Upon consideration whereof, the Court has decided that the School Board complied with the law when it discharged the Plaintiff, who was a cafeteria supervisor employed by the School Board, and that the Fourteenth Amendment due process rights do not apply to the Plaintiff's case, because she had no expectation of continued employment under her contract with the School Board.

### I. *Statement of Material Facts*

The following facts are pleaded or are not in material dispute.

The Plaintiff had been employed by the Warren County School Board for twenty-six years. In 1997, she was the cafeteria supervisor at an elementary school and she was discharged allegedly for cause from her employment.

The Plaintiff's one page contract was for the school year, and its second and third paragraphs dealt with the term of the contract and its termination:

> The said School Board ... agrees to pay said employee ... for 186 days beginning August 26, 1997, for services rendered.
>
> Each party reserves the right to terminate this contract upon fifteen (15) days written notice to the other party. In the event this contract is so terminated, the party of the second part (employee) shall be paid for services rendered in accordance with this contract to date of contract termination.

In her Motion for Judgment, Plaintiff claims that the Warren County School Board conducted the process culminating in the termination of her employment as a cafeteria manager in a manner which violated its own grievance policies, state law, and her Constitutional due process rights. The Motion for Judgment and its attachments set forth a chronology of events summarized as follows:

September 22, 1997: Ms. Sullivan met with her immediate supervisor, Ms. Dahl, and with the human resources supervisor, Mr. Medved, for the Warren County School Board, was placed on administrative leave, and was told that termination of her employment would be recommended. (Motion for Judgment, ¶ 4, 10/22/97 letter from Michael Glomb, Esquire, to Marcus Robinson, Jr., p. 2, n. 2.) During that meeting, issues resulting in the recommended personnel action were discussed with the plaintiff. (Motion for Judgment, ¶ 9.)

September 23, 1997: Ms. Sullivan wrote a letter requesting a detailed statement of reasons for the proposed termination. (Motion for Judgment, ¶ 7.)

September 29, 1997: Ms. Sullivan received a letter from the human resources supervisor and an attached memorandum detailing the reasons for the recommended termination of her employment. (Motion for Judgment, ¶ 8.)

October 6, 1997: Ms. Sullivan submitted a written appeal to the Superintendent of the Warren County Schools, Dr. Vance. (Motion for Judgment, ¶ 9.)

October 14, 1997: Letter sent from the Superintendent to Ms. Sullivan affirming the decision to terminate her employment and stating as reasons, the "improper training of staff, incomplete daily records, and inability to manage her staff." (Motion for Judgment, ¶ 10.)

October 22, 1997: Ms. Sullivan's lawyer, Michael Glomb, Esquire, submitted correspondence appealing the Superintendent's decision to the School Board. (Motion for Judgment, ¶ 14.)

November 17, 1997: Ms. Sullivan was informed that the School Board supported the decision of the Superintendent and that the termination of her employment was final. (Motion for Judgment, ¶ 19.)

In her initial motion for judgment, the plaintiff claims that the decision to terminate her employment was wrong and that the process resulting in the termination of her employment was defective in four principal respects:

(1) Ms. Sullivan claims that during the initial meeting on September 22, 1997, she was not provided with the reasons for the proposed termination of her employment. (Motion for Judgment, ¶ 5.)

(2) Ms. Sullivan claims that on September 29, 1997, when she received the letter and attached memorandum from Mr. Medved detailing the reasons for her proposed termination, it included reasons in addition to and "other than those discussed on September 22, 1997." (Motion for Judgment, ¶ 8.)

(3) Ms. Sullivan complains that the letter she received from the superintendent affirming the proposed termination "provide[d] no rationale whatsoever for the decision ... [and] is not supported by the evidence." (Motion for Judgment, ¶¶ 12, 13.)

(4) Ms. Sullivan complains that when the School Board notified her on November 17, 1997, that it had affirmed the termination of her employment, the letter communicating its decision "provided no reasons for its decision to terminate," which she claims is required by state law. (Motion for Judgment, ¶ 19.)

The Plaintiff has filed a motion to amend her motion for judgment to further claim that the School Board's grievance procedure for non-teacher employees does not comply with constitutional and statutory provisions, and the court has considered that argument in its ruling.

The Plaintiff seeks a writ of mandamus and monetary damages.

## II. *Conclusions of Law*

### A. *Demurrer*

In considering a demurrer, the Court must apply "the settled rule that a demurrer admits the truth of all well-pleaded material facts. All reasonable

inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading." *Russo v. White*, 241 Va. 23, 24, 400 S.E.2d 160 (1991), quoting *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373 (1988). "A demurrer admits the truth of all material facts properly pleaded. Under this rule, the facts admitted are those expressly alleged, those which fairly can be viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged." *Rosillo v. Winters*, 235 Va. 268, 270, 367 S.E.2d 717, 717 (1988). "On demurrer, a court may examine not only the substantive allegations of the pleading attacked but also any accompanying exhibit mentioned in the pleading." *Flippo v. F & L Land Co.*, 241 Va. 15, 17, 400 S.E.2d 156, 156 (1991).

**B.** *Plaintiff had no right to continued employment so the due process provisions of the Fourteenth Amendment do not apply*

The threshold issue to consider is whether the Plaintiff has a property interest in continued employment with the School Board thereby triggering the due process requirement of the Fourteenth Amendment to the United States Constitution, because there was no termination fact-finding hearing in this case. The seminal case in state employment cases is *Board of Regents v. Roth*, 408 U.S. 564, 577, 33 L. Ed. 2d 548, 561 (1972), in which the United States Supreme Court considered the case of a non-tenured college professor and ruled that "to have a property interest in a benefit, a person ... must ... have a legitimate claim of entitlement to it ... created and ... defined by existing rules ... that stem from an independent source such as state law." In *Roth*, the teacher had a contract for a year, but the contract did not provide for renewal, nor was there "any state statute or university rule that secured his interest in re-employment or that created any legitimate claim to it ..." so Roth had no property interest sufficient to require the university to give him a hearing when they declined to renew his contract of employment.

In Virginia, a property right to continued employment in schools does not arise absent a continuing term contract or a no discharge without cause provision in the contract. Schools are required by state law to issue contracts to teachers, principals, assistant principals, and "supervisors." Va. Code §§ 22.1-302, 22.1-294. The term "supervisor" as statutorily defined is limited to a few positions for which a license is required by the Board of Education, which does not include a cafeteria supervisor like the Plaintiff.

In this case, the Plaintiff could be discharged without cause, and there is no state statute or regulation which would bring this case within the purview of those cases which have found a property right premised upon a contractual

or statutory prohibition against discharging the employee without cause. *See, e.g. Cleveland Bd. of Educ. v. Loudermilk,* 470 U.S. 532, 84 L. Ed. 2d 494 (1985) (security guard employed by Board of Education could not be discharged without cause); and *Arnett v. Kelly,* 416 U.S. 134, 40 L. Ed. 2d 14 (1974) (federal civil service employee could not be discharged without cause); and *Wooten v. Clifton Forge School Bd.,* 655 F.2d 552, 554 (4th Cir. 1981) (principal's contract had no "good cause" provision expressed or implied so no property right and no hearing was required for demotion to teacher and reduction in pay). Where a public employee can be discharged without cause at any time, he has no expectation of continued employment, so there is no property right to which due process requirements attach.

In the case at bar, the Plaintiff was employed under a contract for one school year, which was not continuing in nature and which expressly provides for termination without cause upon fifteen days notice. Since the Plaintiff has no right, express or implied, to continued employment, the procedural safeguards of the Fourteenth Amendment do not apply to her discharge. *Kilcoyne v. Morgan,* 664 F.2d 940, 942 (4th Cir.), *cert. denied,* 456 U.S. 928 (1982); *Clark v. Whiting,* 607 F.2d 634, 642 (4th Cir. 1979). "[E]very disagreement between a public employee with his employer over ... the terms of his contract does not reach constitutional proportions." *Sigmon v. Poe,* 564 F.2d 1093, 1096 (4th Cir. 1977). In Virginia a non-teacher employee like the Plaintiff is not entitled to "some kind of hearing" before or after dismissal, she is simply entitled to a review of her dismissal by her superiors pursuant to the statutory procedure.

## C. *Plaintiff's statutory grievance rights were not violated*

The Plaintiff utilized the grievance procedures adopted by the Warren County School Board to challenge the decision to terminate her employment. The grievance procedures were adopted pursuant to the statutory mandate set forth in Virginia Code § 22.1-79(6). That section requires the following with respect to the adoption of a grievance procedure:

> [I]t shall afford a timely and fair method of the resolution of disputes between the school board and such employees regarding dismissal, suspension, or other disciplinary actions and shall be consistent with the provisions of the Board of Education's procedures for adjusting grievances except that there shall be no right to a hearing before a fact-finding panel.

The statute provides that the final procedural step "shall provide for *a final decision* on the grievance by the school board." (Emphasis added.) Va. Code § 22.1-308(A)(8). This is a statutory review procedure, not a statutory hearing procedure.

It is unfortunate that the state statute does not define what "consistent with the Board of Education's procedures for adjusting grievances" means. When a statute is ambiguous, the Court must resort to principles of statutory construction to resolve the ambiguity. *See Virginia Dep't of Labor and Indus. v. Westmoreland Coal Co.*, 233 Va. 97, 101-02, 353 S.E.2d 758, 762 (1987). "The ultimate purpose of these rules is to ascertain the intention of the legislature, and 'every statute is to be read so as to promote the ability of the enactment to remedy the mischief at which it is directed'." *USAA Cas. Ins. Co. v. Alexander*, 248 Va. 185, 194, 445 S.E.2d 145, 150 (1994) (citations omitted) (internal quotation marks omitted). "The primary objective of statutory construction is to ascertain and give effect to legislative intent." *Turner v. Commonwealth,* 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983). A statute is construed "to promote the end for which it was enacted." *Woolfolk v. Commonwealth*, 18 Va. App. 840, 847, 447 S.E.2d 530, 533 (1994).

The school board grievance statutes are "remedial in nature and should be given a liberal construction." *Burk v. Loudoun County Sch. Bd.*, 31 Va. Cir. 426 (Loudoun County 1993) (construing § 22.1-314 in teacher grievance). While the substantive decision of the school board is not subject to judicial review, *McKay v. Clarke County Sch. Bd.*, 10 Va. Cir. 339 (Clarke County 1987), the procedures which the school board employs in reaching its substantive decision are subject to judicial review where a claim is asserted that the procedure violated either the applicable statutes or governing constitutional provisions. *See School Bd. v. Parham*, 218 Va. 950 (1978) (binding arbitration provision in school board grievance procedure was unlawful).

As a general rule "[t]he right to notice and a hearing necessarily implies a ... right to be present, with counsel, when the school board ... formally assembled, discusses and acts on the matter of ... dismissal." 68 Am. Jur. 2d, *Schools*, § 185 (speaking of teacher dismissals). This is the crux of the Plaintiff's argument, but it overlooks the very important proviso of the statute "except that there shall be no right to a hearing before a fact-finding panel." The statute does not require a fact-finding hearing and the panoply of procedural safeguards attendant to such hearings, nor does the Warren County procedure provide for one.

In this case, the clear intent of Virginia Code § 22.1-79(6) is to require localities to have a grievance procedure for non-teacher employees that gives

them the opportunity to have their dismissal reviewed and to provide an opportunity to present their side of the issue to persons not directly involved in the dispute. In this context, "consistent with" means having the essential components. The Warren County School Board grievance procedure for non-teacher employees is "consistent with the Board of Education's procedure for adjusting grievances," because it provides for notice, opportunity to respond, review by superiors, and ultimate review by the School Board. When the steps of the Warren County Public School Grievance Policy (Motion for Judgment, Exhibit 1) are compared with the prehearing steps of the State Board of Education's Grievance Procedure (Exhibit to Plaintiff's Memorandum in Support of Amended Motion for Judgment), they are clearly consistent.

In her Motion for Judgment, the Plaintiff artfully describes the sequence of events culminating in the termination of her employment to suggest that the School Board failed to comply with its own grievance procedures, state law, and/or due process requirements. However, these contentions are really thinly disguised arguments that the evidence was insufficient to support Plaintiff's dismissal.

The grievance procedures, attached as Exhibit 1 to the Motion for Judgment, provide that after an employee's immediate supervisor decides to recommend dismissal, the supervisor must meet with the supervisor of human resources and both then will meet with the classified employee to discuss the issues involved. (Policy Manual File: GBMA, Part III, Step 1(A)(B).)

In the Motion for Judgment, the plaintiff alleges that she met only with the Supervisor of Human Resources, Mr. Medved, who "summarily" placed her on administrative leave, informed her that he intended to recommend dismissal, and that he did not inform the plaintiff of the reasons for the proposed dismissal. (Motion for Judgment, ¶¶ 4, 5.) Although these two paragraphs of the Motion for Judgment seemingly suggest that the plaintiff was not afforded an opportunity to meet with her supervisor in addition to Mr. Medved, and that "the issues involved" were not discussed as required by the grievance policies, the remainder of the Motion for Judgment, and the attachments expressly state otherwise. In paragraph 9 of the Motion for Judgment, the plaintiff concedes that "the grounds for termination ... had been discussed on September 22, 1997," the date of the meeting with the human resources supervisor. (Motion for Judgment, ¶ 9.) Additionally, Exhibit 2 to the Motion for Judgment, the letter submitted by Plaintiff's counsel to the School Board in connection with her appeal, expressly states that she did meet with Mr. Medved and with her immediate supervisor, Mrs. Dahl, on September 22, 1997. (Letter from Michael B. Glomb, Esquire, to Mr. Marcus Robinson, Jr., October 22, 1997, p. 2, n. 1.)

Plaintiff asserts a second deviation from local, state, and constitutional mandates by claiming that the letter she received from Mr. Medved on September 29 contained additional reasons for the proposed termination, other than those discussed with her on September 22. If true, this clearly did not operate to violate Plaintiff's statutory rights. Plaintiff had two additional opportunities to address the alleged additional grounds through her appeal to the superintendent, and again in her appeal to the School Board.

The third assertion made by Plaintiff is that the letter from Dr. Vance, the superintendent, simply restated the charges and does not provide a rationale for her decision. Plaintiff also alleges that her appeal arguments were so compelling that any rational and reasonable reviewer could have reached no result except one in her favor. In essence, Plaintiff charges that a procedural defect lies in Dr. Vance's failure to provide a more detailed written decision and, further, that the decision itself must have been arbitrary and capricious since Plaintiff's appeal allegedly was so compelling. The Warren County School Board Grievance Procedures attached as Exhibit 1 to the Motion for Judgment, however, requires as follows:

> If the superintendent/designee decides to place on probation or dismiss the employee, the superintendent/designee shall notify the employee in writing and submit to the school board his/her rationale for decision.

GMBA, Part III, Step 2. There is no other provision of state law or due process requirement which compels a more detailed decision by the superintendent, and the superintendent's October 14, 1997, letter does contain her rationale for deciding to dismiss Plaintiff:

> The reasons for your termination include improper training of the staff, incomplete daily records and inability to manage your staff.

(Letter from Nancy C. Vance, Ed. D., to Mrs. Dorothy A. Sullivan, 10/14/97, attached to Motion for Judgment and incorporated by reference, ¶ 12.)

Plaintiff's fourth contention is that the School Board violated the grievance procedure by not issuing a written decision stating in detail the reasons for its decision to uphold the termination of her employment. Notwithstanding Plaintiff's assertion, neither the Warren County School Board Grievance Procedures nor state law require the School Board to state the reasons for its decision to terminate. In the Motion for Judgment, the plaintiff contends that the Board of Education Grievance Procedures are

"incorporated by reference," and that they require a detailed written decision by the School Board, but the classified employee grievance procedure requirements are spelled out as follows:

> The grievance procedure should afford a timely and fair method of the resolution of disputes arising between the School Board and such employees regarding dismissal, suspension, or other disciplinary actions and shall be consistent with the provisions of the Board of Education's procedures for adjusting grievances except that there shall be no right to a hearing before a fact-finding panel.

Va. Code § 22.1-79(6). The parameters established for the Board of Education in establishing a grievance procedure are set forth in Virginia Code § 22.1-308, and the procedures themselves have been established and are set forth in the Virginia Administrative Code. 8 VAC 20-90-30. The only provisions found in the statute or in the Board of Education procedures which require a school board to prepare a detailed written decision stating the reasons for its decision to terminate are found in the sections relating to the School Board's duties when a fact-finding panel is utilized. *See* 8 VAC 20-90-30(5)(a), (b), (c). Pursuant to the express provisions of § 22.1-79(6), Plaintiff had "no right to a hearing before a fact-finding panel," so these provisions do not apply.

While the right to confront opposing witnesses and evidence is an essential element of Constitutional due process, *Goodrich v. Newport News Sch. Bd.*, 743 F.2d 225 (4th Cir. 1984); *Detweiler v. Commonwealth of Virginia*, 705 F.2d 557 (4th Cir. 1983), no such rights are required under the state grievance policy for non-teacher employees like the Plaintiff, because no fact-finding hearing is required or provided.

### III. *Decision*

For the foregoing reason, the Defendant's Demurrer is sustained, and the Motion for Judgment is dismissed.