# CIRCUIT COURT OF WARREN COUNTY

John Shupe

v.

Warren County
School Board

March 31, 2000

Case No. (Chancery) 99-165

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on the Defendant's motion for summary judgment. The parties argued the case and have submitted memoranda of authorities, which the Court has considered. The Defendant School Board contends that its motion for summary judgment should be granted for three reasons. First, the alleged offer was for at-will employment, and such an offer is terminable at-will; second, there was no School Board action approving or authorizing Shupe's hire; and third Shupe concealed his conviction of four offenses on his employment application, thereby providing false and misleading information to the School Board. After due consideration, the Court has decided to grant the Defendant's motion for summary judgment on all three grounds.

## I. *Statement of Material Facts*

The following material facts are not in dispute.

In June 1999, Shupe applied for a position with the Warren County School Board as a Secondary School Assistant Principal. (Bill of Complaint, ¶ 1.) At the time, Shupe was employed as a Curriculum Administrator with the South Shelby, Missouri, school system. (Bill of Complaint, ¶ 2.)

In late June, Shupe traveled to Front Royal where he was interviewed. (Bill of Complaint, ¶¶ 3-7.) Shupe claims that on or about July 16, 1999, William Flora, Assistant Superintendent of the School Board, called to offer Shupe a job as "Supervisor of Personnel," a job different from that for which he had applied and interviewed. (Bill of Complaint, ¶ 16.) Shupe claims that he rejected the salary offered, but that an agreeable salary and a starting date of August 1st were agreed upon. (Bill of Complaint, ¶¶ 16-17.) Even accepting Shupe's allegations as true for the purpose of this motion, Shupe concedes that the contract and its terms were to be memorialized in a written contract which he never received and which was never executed. (Bill of Complaint, ¶ 17.)

Shupe claims that on Monday, July 19, 1999, three days after the alleged job offer was made, he was notified by the School Board that the personnel position would be advertised and that Shupe would not be hired to fill that position. (Bill of Complaint, ¶ 20.)

The School Board minutes show that the School Board never hired or otherwise took any action on Shupe's application for employment. Shupe contends that the School Board gave the superintendent the authority to hire him without further action in an executive session of the School Board. Plaintiff's Memorandum in Opposition to the Def. Mot. for Sum. Judg., pp. 17-18. Shupe concedes that there is no record of any formal action taken in open session by the School Board authorizing his hiring.

In response to interrogatories, Shupe claims that he was hired by the Warren County School Board through its designated agents, Dr. Nancy Vance and Mr. William Flora, the Superintendent and Assistant Superintendent of Schools, respectively. (Plaintiff's Answers to Defendant's Third Interrogatories, No. 1.) When asked to identify the Board action authorizing or designating agents with the authority to hire him as Supervisor of Personnel, Shupe could not identify any Board minutes, resolution, or other formal action taken by the School Board to hire him. (Plaintiff's Answers to Defendant's Third Interrogatories, No. 2.)

When Shupe initially applied for a job with the Warren County School Board, he completed and submitted a four-page "Application for Employment." (Plaintiff's Amended Answer to Defendant's First Request for Admissions, No. 1.) In that Application for Employment, Shupe was asked the following questions:

1. Have you ever been convicted (as guilty or not innocent) of a violation of law other than a minor traffic violation? (If yes, attach explanation)

2. Have you been convicted (as guilty or not innocent, or a determination of abuse or neglect *founded* against you) of any offense involving moral turpitude, sexual molestation, physical or sexual abuse or rape of a child, or any like offense against an adult? (If yes, explain on back)

Shupe responded "No" to each of these questions on his employment application. In this litigation, however, Shupe has admitted to the following recent criminal history:

On April 21, 1998, Shupe was arrested in Missouri, charged with driving while intoxicated and later convicted of the offense.

On September 4, 1995, Shupe was arrested in Iowa, charged with operating a vehicle while intoxicated, and was later found guilty of that offense.

On February 22, 1996, Shupe was arrested in Iowa and charged with domestic abuse/serious assault, and was later convicted of simple assault.

On March 28, 1997, Shupe was arrested in Missouri for driving while intoxicated, and later convicted of those charges.

(Plaintiff's Amended Answers to Defendant's First Request for Admissions, Nos. 3-15.)

In his application for employment, which was signed by Shupe on June 4, 1999, Shupe stated that "I unconditionally certify that I have made true, correct, and complete answers and statements on this application in the knowledge that they may be relied upon in considering my application." The employment application also states as follows:

I understand that any omission, misleading or falsely answered statement made or implied by me on this application, or any supplement to it, whether written or oral, will be sufficient grounds for failure to employ or for my immediate discharge should I become employed with the school division. In the event the School Board determines, in its sole discretion, the existence of a material adverse report or omission as to any information, I agree that the employment offer/appointment will be deemed revoked immediately without further action, notice, or process.

Pursuant to these provisions in Shupe's employment application and in response to material misrepresentations or omissions in his application, the Warren County School Board, at its January 13, 2000, meeting passed the following motion concerning Shupe's application for employment:

*Motion*

I move the Warren County School Board affirm its position that no employment has ever been offered to job applicant 1999/2000-01 and that such job applicant never has been appointed to a position as an employee of the Warren County Public Schools.

Further, the Board determines that there exists a material adverse report or omission in the application for employment tendered.

I further move, however, to the extent that any tribunal may consider otherwise, any employment offer that may be deemed to have been made or appointment that may be deemed to have been made are hereby revoked effective immediately.

(Plaintiff's Answers to Defendant's First Request for Admissions, No. 17.) Notice of this Board action was transmitted to Mr. Shupe by the Superintendent of the Warren County Public Schools on January 19, 2000. (Plaintiff's Response to Defendant's First Request for Admissions, No. 16.)

## II. *Conclusions of Law*

Summary Judgment is appropriate if there is no material fact genuinely in dispute. Supreme Court Rule 3:18; *Carson v. LeBlanc*, 245 Va. 135, 139, 427 S.E.2d 189 (1993). In *Metro Machine Corp. v. Mizenko*, 244 Va. 78, 83, 419 S.E.2d 632 (1992) (citing *Gaudet v. Exxon Corp.*, 562 F.2d 351, 355 (5th Cir. 1977), *cert. denied* 436 U.S. 913 (1978)), the Supreme Court analyzed the character of the genuine issue of fact criterion governing the Court's disposition of a motion for summary judgment and stated:

[T]he issue of fact must be "genuine." When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts .... In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."

In considering a motion for summary judgment, a court must adopt those inferences from the facts that are most favorable to the nonmoving party, unless the inferences be strained, forced, or contrary to reason." *Commercial Bus. Sys. v. BellSouth Servs., Inc.*, 249 Va. 39, 41-41, 453 S.E.2d 261 (1995). There are no material facts in dispute with respect to the issues raised in the Defendant's Motion for Summary Judgment.

Shupe's claim is for a breach of an employment contract founded upon the alleged oral offer that he claims he accepted by telephone on July 16, 1999. In Virginia, if no specific time is fixed for the duration of the employment, it is presumed to be an employment-at-will. *Norfolk Southern Ry. Co. v. Harris*, 190 Va. 966, 976 (1950). In his Bill of Complaint, Shupe did not allege that his employment was to be for any specified length of time, nor did he made any allegations to rebut the presumption of at-will employment. But rather Shupe contends that since the position that he claims he was hired for was a "supervisor," his contract with the School Board had to be for a year, relying upon the provisions of Virginia Code § 22.1-294.

Virginia Code § 22.1-294(E) defines a "supervisor" as a "person who holds a supervisory position as specified in the regulations of the Board of Education and who is required to hold a license as prescribed by the Board of Education." This is an enabling statute, and it authorizes the Board of Education to promulgate regulations defining precisely what a statutory supervisor is, which supervisors are required to hold a license, and what license that they are required to hold. Pursuant to this plenary grant of authority, the Board of Education defined supervisor as a "person who (i) is regularly employed in a supervisory capacity and (ii) is required by the Board of Education to hold a certificate to be employed in that position." However, the Board of Education has not further refined the definition of "supervisor, nor has it specified which supervisors must hold a license, or which licence must any supervisor hold.

The position in question, the Warren County School Board's Supervisor of Personnel, meets the first prong of the Board of Education's definition, that it is a person "regularly employed in a supervisory capacity." However, the Board of Education has not chosen to promulgate a regulation or department requirement that supervisors must hold a license. Therefore, the Warren County School Board's Supervisor of Personnel was not required by the Board of Education to have a license. Accordingly, the position was not one which required a one year contract, so any offer made was an offer of an at will contract.

As the Supreme Court recently stated in *Dray v. New Market Poultry Products*, 258 Va. 187, 190, 518 S.E.2d 312 (1999):

Virginia adheres to the common-law doctrine of employment-at-will. When a contract calls for the rendition of services, but the period of the contract's intended duration cannot be determined from its provisions, either party ordinarily is at liberty to terminate the contract at will upon giving reasonable notice of intention to terminate. *Doss v. Jamco, Inc.*, 254 Va. 362, 366, 492 S.E.2d 441, 443 (1997); *Stonega Coal and Coke Co. v. Louisville and Nashville R.R. Co.*, 106 Va. 223, 226, 55 S.E. 551, 552 (1906).

An offer of at will employment is terminable at any time. *Sartin v. Mazur*, 237 Va. 82, 85 (1989).

A school board cannot be held liable for an action of one of its members or one of its agents or employees, including the superintendent of schools, "unless such action has been previously authorized, or is subsequently ratified." *County Sch. Bd. v. First Nat. Bank*, 161 Va. 127, 135, 170 S.E.2d 625 (1933). *See generally* 56 Am. Jur. 2d, *Municipal Corporations*, § 496. No lawful action was ever officially taken by the Warren School Board to hire Shupe, or to authorize the superintendent or anyone else to hire Shupe, as the Supervisor of Personnel.

Shupe argues that his hiring was authorized in a closed meeting of the School Board, but this argument overlooks the provisions of the Virginia Freedom of Information Act, Virginia Code § 2.1-344(B), which state that:

No . . . contract . . . agreed to in an executive or closed session shall become effective unless the public body, following the meeting, reconvenes in open meeting and takes a vote of the membership on such . . . . contract . . . which shall have its substance reasonably identified in the open meeting.

The School Board is a "public quasi corporation . . . that exercise[s] limited powers and functions of a public nature granted to them expressly or by necessary implication [of law], and none other." *Kellam v. School Board*, 202 Va. 252, 254, 117 S.E.2d 96 (1960). Because of its public character, the School Board's ability to enter contracts is more circumscribed than that of a private corporation. When the School Board enters into a closed executive session, the jurisdiction of the Freedom of Information Act is triggered and the permissible range of the School Board's action on the matter discussed in the executive session is limited by the Freedom of Information Act.

Virginia Code § 2.1-344(B) is clear and unambiguous. If a statute is clear and unambiguous, a court will give the statute its plain meaning. *Brown v.*

*Lukhard,* 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985). Effective means "actually in operation or in force." *Random House Unabridged Dictionary* (2d ed. 1993). Therefore, assuming *arguendo* that the School Board in closed session had authorized one of its employees to make an offer to Shupe for a position as he alleges, the School Board's contract with Shupe could not become effective, nor could he begin work, until the School Board reconvened in open session and approved Shupe's contract.

A public body like the School Board may adjourn into executive session to discuss applicants for employment and in those discussions it may reach a consensus as to action to be later formally taken in open session, and the School Board may later ratify in open session actions impermissibly taken in a closed executive session. *See Nageotte v. King George County,* 233 Va. 259, 268, 288 S.E.2d 423 (1982); and Virginia Code § 2.1-344(C). But there was no ratification open session in this case, on the contrary there was an official rejection by the Board.

"The concealment of a material fact on an employment application constitutes the same misrepresentation as if the existence of the fact were expressly denied." *Falls Church Const. Co. v. Laidler,* 254 Va. 474, 477-78, 493 S.E.2d 521, 523 (1997). "[I]n Virginia, one cannot, by fraud and deceit, induce another to enter into a contract to his disadvantage, then escape liability by saying that the party to whom the misrepresentation was made was negligent in failing to learn the truth." *Nationwide Ins. Co. v. Patterson,* 229 Va. 627, 631, 331 S.E.2d 490, 492 (1985).

Shupe provided misleading or inaccurate answers to at least two questions on his employment application. Within the four years preceding his application, Shupe has been convicted on three different occasions of driving while intoxicated, which no reasonable man could conclude is a minor traffic offense. On a fourth occasion, Shupe was convicted of simple assault. The employment application clearly disclosed that the School Board had the authority and permission to check criminal records, including driving records, for information concerning the applicant. Furthermore, the application contained express language in which Shupe "unconditionally certified" the accuracy of the answers to the questions. The application also clearly stated that "in the event the School Board determines, in its sole discretion, the existence of a material adverse report or omission as to any information, I agree that the employment offer/appointment will be deemed revoked immediately without further action, notice, or process."

At a meeting on January 13, 2000, the Warren County School Board passed a motion by which it reaffirmed the position to which it has consistently adhered in this lawsuit, that it neither hired nor authorized the

hiring of Shupe in any position. The School Board also concluded that Shupe's application was neither accurate nor complete. The School Board motion concluded by stating that even if this, or another court were to conclude for some reason that an employment offer had been extended to Shupe, any such offer or appointment was revoked because of Shupe's failure to disclose his criminal convictions.

Shupe may argue that the criminal convictions referenced in the request for admission do not rise to the level of seriousness to require him to disclose them in response to the questions contained in the employment application, but any such assertion is irrelevant, since the School Board exercised the discretion it reserved to itself in the application for employment and determined that the failure to disclose these criminal convictions was a material omission or misrepresentation. By failing to report these convictions, Shupe attempted to deny the School Board the opportunity to make its own determination as to whether his criminal convictions should have disqualified him from employment in the Warren County Public Schools.

### III. *Decision*

For the forgoing reasons, it is adjudged and ordered that the Defendants' Motion for Summary Judgment is granted, and this case is dismissed with prejudice.