# CIRCUIT COURT OF BRUNSWICK COUNTY

Daniel L. Downs

v.

Brunswick County
School Board et al.

September 26, 2007

Case No. CL06-117

BY JUDGE W. ALLAN SHARRETT

This matter comes before the Court on the Defendant's demurrer to the amended complaint. The Court had previously sustained a demurrer, and the Complainant amended and refiled. For the reasons set forth herein, the Court sustains the demurrer to the amended complaint.

The material facts are not in dispute. The Complainant has been employed by the Defendant school division in a variety of positions over a number of years. Most recently, the Defendant entered into a contract of employment as a "Webmaster Specialist," which was later changed to "Instructional Technology Specialist." Thereafter, the Defendants re-assigned the Complainant to a teaching position, reducing his salary accordingly. The Complainant asserts that he was a "supervisor," that he attained continuing contract status, and that the attempted re-assignment violated Va. Code § 22.1-294. The Defendants reply that § 22.1-294 is not applicable to the Complainant, as he is not a "supervisor" as that term is intended in the code section.

Section 22.1-294 addresses the obtaining of continuing contract status by "principals, assistant principals, and supervisors." Sub-section "E" defines a "supervisor" as "a person who holds a supervisory position as specified in the regulations of the Board of Education and who is required to hold a license as prescribed by the Board of Education." There are, thus, two requirements

for a person to be a supervisor: (1) the person must hold a supervisory position, and (2) the person must be required to hold a license as prescribed by the Board of Education. Though both prongs are in dispute in this case, the Court assumes, *arguendo*, that the position of Instructional Technology Specialist is a supervisory position. The issue here is whether the second prong is satisfied. The answer to this question turns on the construction of the statute.

The Complainant contends that he meets the requirements of licensure because he was required to hold a collegiate professional license in order to teach in the Brunswick County Schools; that he now holds a Postgraduate Professional License, on the completion of his master's degree; and that he has held at least one of these licenses for the entirety of his employment with the Defendants. The Defendants, on the other hand, assert that, for § 22.1-294 to apply to the Complainant, his position must be one for which a license is specifically required by the Board of Education. The Complainant concedes that the Board does not require a license for an Instructional Technology Specialist; therefore, the Defendants contend that the Complainant is not a "supervisor" within the meaning of the statute, and the section is therefore not applicable to him.

The case hinges on which of these interpretations of the statute is correct, and the Court believes that the Defendant's construction is more consistent with existing case law, as well as the instant facts.

Va. Code § 22.1-294 is "an enabling statute, and it authorizes the Board of Education to promulgate regulations defining precisely what a statutory supervisor is, which supervisors are required to hold a license, and what license they are required to hold." *Shupe v. Warren County School Board*, 53 Va. Cir. 56, 60 (2000). In effecting this legislative grant of authority, the Board of Education has defined a "supervisor" as "a person (i) who is regularly employed full time in a supervisory capacity, and (ii) who is required by the board *to hold a license to be employed in that position*." 8 VAC 20-440-10 (emphasis added). This has been further defined to be "limited to a few positions for which a license is required by the Board of Education." *Sullivan v. Warren County School Board*, 49 Va. Cir. 226, 229 (1999).

Regardless of how "Board of Education" is interpreted, a license is not required for the position of Instructional Technology Specialist. Section 22.1-1 indicates that the terms "Board," "State Board," and "Board of Education" are interchangeable; hence, the requirement for licensure must flow from the State Board of Education, and all parties agree that there is no licensure requirement for this position. Even if the term is taken to refer to the local school board, however, the Complainant's position fails. The Vacancy Announcement

published by the school board makes no reference to licensure requirements and lists a master's degree in education only as a preference, not a prerequisite. *Complainant's Letter Memorandum*, Exhibit E (Sept. 10, 2007). Further, while the employment contract executed by the parties provides a place for a licensure status to be checked, none is so designated, leading to the reasonable conclusion that a license is not required for the position. *Complainant's Amended Complaint*, Exhibit C.

Thus, a supervisor for purposes of § 22.1-294 must be a person in a position for which a license is required; and an Instructional Technology Specialist is not one of the few positions designated by the Board of Education for which a license is required; the Complainant, therefore, is not a "supervisor" within the meaning of § 22.1-294, and the continuing contract provisions of this statute do not apply to him. He has, therefore, failed to state a cause of action for which relief can be granted.

Accordingly, the Court sustains the Defendant's demurrer to the amended complaint.