PETER A. BONAVITA

V.

BOARD OF TRUSTEES OF THE FAIRFAX COUNTY POLICE
OFFICERS RETIREMENT SYSTEM, ET AL.

Record No. 850912

September 23, 1988

Present: All the Justices

*Gregory J. Harris; Gilbert K. Davis* for appellant.

*John J. Brandt; David T. Stitt, County Attorney (Robert S. Corish; Peter D. Andreoli, Jr., Assistant County Attorney; Slenker, Brandt, Jennings & Johnston*, on brief), for appellees.

POFF, J., delivered the opinion of the Court.

Peter Bonavita and three other Fairfax County police officers,[1] each retired for disability incurred in the discharge of his official duties, filed a bill in chancery complaining that the formula prescribed by ordinance to compute their retirement benefits conflicts with the formula mandated by statute. The respondents, the Board of Trustees of the Fairfax County Police Officers Retirement System (the Trustees) and the County of Fairfax (the County), filed demurrers and other special pleas. Upon consideration of the pleadings and oral argument, the trial court entered an order dated December 10, 1984 dismissing the County as a party respondent.[2] By order entered August 19, 1985 incorporating a letter opinion, the court sustained the Trustees' demurrer and dismissed the bill of complaint with prejudice, and we granted Bonavita an appeal.

The only facts before us are those well-pleaded in the bill of complaint. The bill treats Bonavita as "the representative Plaintiff". As a result of injuries sustained in the performance of his duties, Bonavita was retired for disability in 1978. In order to determine whether, as Bonavita contends on appeal, the Trustees "calculated and paid retirement benefits . . . lower than the amount fixed by statute", we must examine the enabling statutes and the ordinance under which the Trustees acted.

By Acts 1981, c. 595, the General Assembly amended and reenacted the enabling statutes codified in Title 51, Chapter 4, Article 4 of the Code. Code §§ 51-127.10 to .30. As codified, the statutes reaffirmed the County's authority, first granted under Acts 1944, c. 303, to "create and establish" an administrative board to conduct a retirement system for Fairfax County police officers. *Id.* § 51-127.10. Code § 51-127.20 provided that any officer retired for service-connected disability would be entitled to a pension

---

[1] The other complainants in the court below were Richard DuVall, Robert Lockhart, and Paul Marshall.

[2] Appellant Bonavita failed to assign error to the entry of the December 10, 1984 decree, and insofar as he names the County as an appellee, we will dismiss the appeal. Rule 5:17(c).

equal to "sixty-six and two-thirds per centum of the salary he would have received had he remained uninjured and continued in the performance of his duties." To finance the system, Code § 51-127.25 provided that the administrative board deduct "from the salaries of the policemen, ten and one-half per centum of the amounts of their salaries or such per centum as may be determined by the county board of supervisors."

Following legislative approval of amendments to the Act, the board of supervisors enacted an ordinance entitled "Fairfax County Police Officers Retirement System". Fairfax County Code §§ 3-7-1 to -7-47. The administrative board established under the 1944 Act was replaced by the "Board of Trustees". *Id.* § 3-7-1. In language patterned after that employed in Code § 51-127.20, the ordinance fixed the service-connected disability pension at two-thirds "of the salary that would have been received had no injury occurred and the performance of duty had continued." *Id.* § 3-7-28.

Unlike Code § 51-127.25, however, Fairfax County Code § 3-7-24 provided that the formula for computing deductions from paychecks should be a percentage of "creditable compensation" rather than "salary". The ordinance defined "salary" as "the compensation established for each position as approved in the County Pay and Compensation Plan" and "creditable compensation" as "payment of salary, roll call and holiday pay." *Id.* § 3-7-2(m), (f). According to the bill of complaint, the County and its police officers had entered into a contract several years before enactment of the ordinance that required officers "to work an extra one-half (½) hours per day." This work was "compensable at time-and-a-half" and "was commonly referred to as a ROLL CALL PAY." The contract also required the County to pay its police officers the salary they would have earned if they had worked "a certain number of holidays each year" and such compensation "is more commonly referred to as HOLIDAY PAY."

Bonavita argues that the enabling statutes do not define the term "salary"; that both Code § 51-127.20 and Code § 51-127.25 use that term; that the General Assembly intended the term to be given the same meaning in both sections of the statute; and, hence, that if the ordinance includes roll call pay and holiday pay in the formula used to calculate paycheck deductions, then the formula used to calculate retirement benefits must include such pay. Otherwise, Bonavita argues, the benefit formula defined in

the ordinance "is beyond the grant of authority to the county and in direct conflict with the amount of pension benefits mandated by the legislature."

■ Bonavita overlooks the fact that the General Assembly expressly authorized the County to modify the terms of the retirement system. Code § 51-127.12 provides that "[t]he governing body of the county may by ordinance reserve the right to amend, suspend, or revoke the retirement plan and trust at any time [subject to constraints irrelevant to this appeal]." In Fairfax County Code § 3-7-8, the board of supervisors reserved that right and, in § 3-7-24, exercised that right by requiring that the formula for calculating the paycheck deductions apply the percentage factor to roll call pay and holiday pay as well as to salary. Nothing in the enabling statutes required the County to include all those factors in the benefits formula, and we find no merit in Bonavita's argument that the ordinance conflicts with the enabling statutes.

We now consider another argument Bonavita advances on brief. The formula prescribed by the ordinance for computing benefits for retirement based on tenure of service applies the rate factor to salary, roll call pay, and holiday pay. Fairfax County Code §§ 3-7-27, -7-2(c) and (f). Pointing to that fact, Bonavita raises what appears to be a constitutional challenge to the ordinance. "To add insult to injury," Bonavita complains, "the Trustees and County pay all other retired police officers their pension based on a figure which includes roll-call pay and holiday pay. It is only when it is time to pay the few, disabled, police officers that the County and the Board of Trustees exclude roll-call and holiday pay from their own definition of 'salary.' "

■ If this is a charge of invidious discrimination, we reject it. In an opinion upholding the statutory classification of beneficiaries of social security benefits, the United States Supreme Court has said that "[a]s long as the classificatory scheme . . . rationally advances a reasonable and identifiable governmental objective, we must disregard the existence of other methods of allocation that we, as individuals, perhaps would have preferred." *Schweiker* v. *Wilson*, 450 U.S. 221, 235 (1981).

Unless they involve such "suspect classifications" as race, sex, or religion, or affect fundamental constitutional rights such as freedom of speech, legislative classifications will be upheld if they bear some rational relationship to a legitimate

interest or purpose. Such a classification ordinarily will be upheld "if any state of facts can be reasonably conceived that would support it."

*Old Dominion Inc.* v. *Corp. Comm.*, 228 Va. 528, 534, 323 S.E.2d 123, 126-27 (1984) (citations omitted).

Under the ordinance enacted by the County's board of supervisors, service retirees must work a prescribed period of time to earn their entitlement; disability retirees may become eligible the day they are employed. Service retirees will have made payments to finance the system for the prescribed term of service; disability retirees may have made no payment at all. In calculating the benefits earned by service retirees, the Trustees examine a written record reflecting the amount of roll call pay and holiday pay actually received each year; in calculating the benefits to which Bonavita says disability retirees should be entitled, the Trustees necessarily would have to speculate what roll call pay and holiday pay "would have been received had no injury occurred and the performance of duty had continued." Fairfax County Code § 3-7-28.

Considering this state of facts, we hold that the classification made by the board of supervisors was rationally related to a legitimate governmental objective, and we will affirm the chancellor's decree.

*Affirmed.*