Present:  All the Justices

CITY OF VIRGINIA BEACH

v.  Record No. 981936    OPINION BY JUSTICE ELIZABETH B. LACY
                                  September 17, 1999
DAVID S. HAY

          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                  J. Warren Stephens, Judge Designate

     David S. Hay filed a grievance with the City of Virginia

Beach (the City) protesting the termination of his employment as

an assistant city attorney.  When the City refused to process

Hay's grievance, claiming that he was an appointed, non-merit

employee ineligible to participate in the grievance process, Hay

filed this proceeding.  The trial court, citing Dillon's Rule,

held that the City did not have the statutory authority to hire

Hay as an appointed employee, and, therefore, that Hay was a

merit employee eligible to participate in the City's grievance

process.  We granted the City an appeal, and we now conclude

that § 2-166 of the Virginia Beach City Code (City Code),

providing that assistant city attorneys be appointed, non-merit

employees, is a reasonable implementation of the City's charter

authority.  Accordingly, we will reverse the judgment of the

trial court.

     The General Assembly authorized the City to create a

department of law and to provide for assistant city attorneys.

Charter, City of Virginia Beach (City Charter), §§ 7.01, 9.01.[1]

Pursuant to this authority, the City enacted § 2-166 of the City

Code which states that the city council may "appoint such deputy

and assistant city attorneys as it may deem necessary to serve

at the pleasure of the city attorney."

The General Assembly also requires every city with over

fifteen employees to provide all of its non-probationary

employees, with certain listed exceptions, access to an employee

grievance procedure.  Code §§ 15.2-1506, -1507.  One of the

permitted exceptions is "[a]ppointees of elected groups or

individuals."  Code § 15.2-1507(A)(3)(a)(1).

The personnel grievance procedure adopted by the City

provides that only merit employees are entitled to grieve

employment decisions.  City Code § 2-132.  As defined in the

City Code, merit employees do not include "appointees of the

city council."  Such appointees are considered non-merit

employees and are not eligible to file grievances under the

City's grievance procedure.  City Code §§ 2-75, -76.[2]

---

[1] Section 9.01 of the City Charter states:

DEPARTMENT OF LAW.  The department of law shall
consist of the city attorney and such assistant city
attorneys and other employees as may be provided by
the council.

[2] As the parties agree, City Code §§ 2-75 and -76 are the
successor ordinances to City Code §§ 2-43 and -44, in effect at

There is no dispute that Hay was hired by appointment of the city council, an elected body, to serve at the pleasure of the city attorney.  The dispute arises over whether the city council had the authority to enact City Code § 2-166 authorizing it to "appoint" assistant city attorneys, thereby bringing such employees within a statutory exception to the otherwise mandatory eligibility for access to the employee grievance procedure.  Code § 15.2-1507(A)(3)(a)(1).

Hay argues that, under Dillon's Rule, the City may not designate assistant city attorneys as appointees ineligible to grieve employment decisions absent specific charter or statutory authorization from the General Assembly.  The City responds that Dillon's Rule does not require specific authorization under these circumstances but only requires that the method chosen by the City to implement its conferred power to hire assistant city attorneys be reasonable.  We agree with the City.

Under Dillon's Rule, municipal governments have only those powers which are expressly granted by the state legislature, those powers fairly or necessarily implied from expressly granted powers, and those powers which are essential and indispensable.  Commonwealth v. County Board of Arlington County, 217 Va. 558, 574, 232 S.E.2d 30, 40 (1977).  Where the

the time Hay was hired.  The material aspects of the ordinances have not changed.

3

state legislature grants a local government the power to do something but does not specifically direct the method of implementing that power, the choice made by the local government as to how to implement the conferred power will be upheld as long as the method selected is reasonable. Id. at 574-75, 232 S.E.2d at 40-41. Any doubt in the reasonableness of the method selected is resolved in favor of the locality. Id. at 577, 232 S.E.2d at 42.

In this case, the General Assembly created the department of law and expressly authorized the city council to provide for assistant city attorneys and other employees of the department. City Charter §§ 7.01, 9.01. While the power to hire the employees for the department of law is not expressly granted, it is fairly and necessarily implied from these charter provisions. We do not think that the legislature would authorize the city to "provid[e]" for certain positions within a department of the government and at the same time withhold the power to fill those positions.

While the power to hire assistant city attorneys is fairly and necessarily implied from the express language of § 9.01 of the City Charter, there is no further express or implied direction in the charter regarding the method by which the City is to hire assistant city attorneys. Thus, our inquiry is whether the City's choice to appoint such employees to serve at

4

the will of the city attorney is a reasonable implementation of its power to hire implied by § 9.01 of the City Charter.

Whether a method chosen to implement an express or implied power is reasonable will depend upon the circumstances of each case. However, the chosen method is unreasonable if it is contrary to legislative intent or inappropriate for the ends sought to be accomplished by the grant of the power. Arlington, 217 Va. at 577, 232 S.E.2d at 42. Furthermore, like the test employed when considering whether a power is implied, if the implementation expands the power beyond rational limits necessary to promote the public interest, it is unreasonable. Id. Applying these standards, we conclude that the method chosen by the City to hire assistant city attorneys set out in § 2-166 of the City Code was reasonable.

First, § 2-166 does not conflict with any other state or local legislative provision and is not contrary to legislative intent. The General Assembly has not only recognized that appointment of employees by elected bodies is a method of filling positions which can be used by local governments, but it has also identified appointees of elected bodies as a category of employees which can legitimately be excluded from eligibility for access to a personnel grievance procedure. Code § 15.2-1507(A)(3)(a)(1). Furthermore, as reflected in the exemptions, the types of employees which the General Assembly contemplated

5

could be excluded from access to the employee grievance procedure include deputy and executive assistants to a locality's chief administrator.  Code § 15.2-1507(A)(3)(a)(3).  There is a close analogy between such positions and those of deputy city attorney and assistant city attorney.  For these reasons, we conclude that exempting assistant city attorneys from access to the employee grievance procedure is not inconsistent with legislative intent.

Equally important, § 2-166 authorizes use of this appointment method for hiring members of the law department only in limited circumstances.  Not every employee hired pursuant to § 9.01 of the City Charter is appointed by city council, only deputy and assistant city attorneys.  Given the nature of the services performed by assistant city attorneys and their relationship to the city attorney and city council, the employment method established in § 2-166 is not inappropriate and does not expand the implied power to hire beyond that which is needed to implement the authority to provide for a department of law given in § 9.01 of the City Charter.

We reject Hay's argument that because § 9.02 of the City Charter specifically states that the city attorney is appointed by and serves at the pleasure of the city council[3], while § 9.01

_____

[3] Section 9.02 of the City Charter states:

6

does not contain the same specific directive regarding assistant city attorneys, the City does not have the power to hire assistant city attorneys by appointment. Whether we consider this argument as challenging the power of the City to appoint these employees or as a challenge to the reasonableness of the method chosen by the City to implement its power to hire them, the difference between the two provisions does not support the conclusion drawn by Hay.

City Code § 9.02 merely reflects Code § 15.2-1542, which allows a city to create the office of city attorney but requires that "[s]uch attorney shall be appointed by the governing body to serve at the pleasure of the governing body." Thus, even if § 9.02 did not appear in the City Charter, the city attorney would be appointed by and serve at the pleasure of the city council.

The difference in the two provisions represents, in our opinion, the General Assembly's choice to limit the City's discretion in determining how to employ the city attorney, while allowing the City discretion as to the method of employing assistant city attorneys. Of course, this discretion is not

CITY ATTORNEY. The head of the department of law shall be the city attorney. He shall be an attorney at law licensed to practice law in the Commonwealth of Virginia. He shall be appointed by the council and shall serve at its pleasure.

open-ended; as we stated above, under Dillon's Rule, the City's methods of implementation must be reasonable.

In summary, the power to hire assistant city attorneys must be implied from the express power given to "provid[e]" for such employees in § 9.01 of the City Charter. Because the specific method of hiring such employees is not set out in the Charter, the method adopted by the City to implement the power to hire must be reasonable. The City's choice of hiring assistant city attorneys by appointment of the city council to serve at the pleasure of the city attorney, City Code § 2-166, is a reasonable method of implementing the power to hire.

Because Hay was appointed by the city council, he is a non-merit employee and, therefore, is not entitled to grieve his termination decision under the City's personnel grievance procedures. City Code §§ 2-75, -76, -132.

Accordingly, the judgment of the trial court will be reversed and final judgment entered here in favor of the City.

                                    Reversed and final judgment.