Present: Carrico, C.J., Lacy, Hassell, Keenan, Koontz, and
Kinser, JJ., and Compton, Senior Justice

ARLINGTON COUNTY, ET AL.
                                        OPINION BY
v.  Record No. 991374     JUSTICE LAWRENCE L. KOONTZ, JR.
                                       April 21, 2000
ANDREW WHITE, ET AL.

              FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                    Benjamin N. A. Kendrick, Judge

     In this appeal, we consider whether a local governing

body acted ultra vires in extending coverage under its

self-funded health insurance benefits plan to unmarried

"domestic partners" of its employees.

     On March 12, 1998, Andrew White, Diana White, and

Wendell Brown, residents and taxpayers of Arlington County

(the Taxpayers), filed a bill of complaint in the trial

court against Arlington County and its County Board

(collectively, the County).  The Taxpayers sought a

declaration that the County lacked the authority to extend

coverage to the newly defined category of domestic partners

under its self-funded health insurance benefits plan.  The

Taxpayers also sought to enjoin the County from

implementing the provision of benefits to domestic

partners.

     The parties filed cross-motions for summary judgment.

Holding that "Arlington County's coverage for domestic

partners in its self-funded health benefit plan for County

employees violates the Dillon Rule,"[1] the trial court granted the Taxpayers' motion for summary judgment and denied the County's motion.  We awarded the County this appeal.

The record shows that in an Employee Relations Benefits Newsletter, issued in May 1997, the County announced that, effective July 1, 1997, "[t]he definition of eligible dependents has been expanded under the [County's self-funded] health plan" to allow "for coverage of one adult dependent, who can be [an employee's] spouse, domestic partner, or other adult who is claimed as a dependent on [the employee's] federal income tax return." The Newsletter listed eight criteria in defining an "adult dependent" as "[t]he domestic partner . . . who"

- has resided with the employee for a 1 year period;
- shares with the employee the common necessities of life and basic living expenses;
- is financially interdependent with the employee;
- is involved with the employee in a mutually exclusive relationship of support and commitment;
- is not related by blood to the employee;
- is not married to anyone;

---

[1]"[T]he powers of boards of supervisors are fixed by statute and are limited to those conferred expressly or by necessary implication." Board of Supervisors v. Horne, 216 Va 113, 117, 215 S.E.2d 453, 455 (1975).  This rule is corollary to the Dillon Rule that municipal corporations are similarly limited in their powers. Id. at 117, 215 S.E.2d at 455-56.  Because the trial court and the parties refer to the Dillon Rule, we will also in this opinion.

- was mentally competent at time of consent to relationship;
- is 18 years of age or older.

A stipulation entered into by the parties states that "[a] 'domestic partner' eligible for coverage as an adult dependent of a County employee under the County's health benefits plan may be either a same-sex or opposite-sex domestic partner of a County employee," that "[a]n employee applying for domestic partner coverage must certify that the employee and the domestic partner meet the criteria established by the County," and that "[t]here are individuals who currently are covered as domestic partners of County employees under the County's health benefits plan, and who have received benefits under the plan."  It was also stipulated that "[f]unds used by Arlington County to provide health benefits coverage for County employees and their adult dependents under the County's self-funded plan include local tax dollars."

Citing Code §§ 15.2-1517(A) and 51.1-801, the County correctly points out that "[t]he General Assembly specifically authorizes a local government to provide self-funded health benefit programs for its employees and their dependents."[2]  The County notes that neither statute defines

---

[2]Code § 15.2-1517(A) states that "[a]ny locality may provide . . . health insurance programs for their officers

3

the term "dependent" or refers to other statutory provisions that define the term for different purposes. Continuing, the County further notes that no express statutory provision specifies which employee dependents are eligible to participate in a locality's self-funded health benefits plan or by what method their eligibility is to be determined.

Under these circumstances, the County correctly maintains, "[t]he power to determine who is an employee's dependent . . . is fairly and necessarily implied." Furthermore, the County asserts, "the locality must make [the] determination itself"; indeed, it "could not carry out its authority without exercising its discretion." In the process, the County submits, the term "dependent" should be given its plain and ordinary meaning as one "[r]elying on . . . the aid of another for support."[3] The American Heritage Dictionary 501 (2nd College Ed. 1985).

_____

and employees . . . through a program of self-insurance," and § 51.1-801 states that a "local governing body may, through self-funding . . ., provide . . . sickness insurance coverage for officers and employees . . . and their dependents."

[3]In this regard, however, we note that a dependant is also defined as "one not able to exist or sustain oneself without the power or aid of someone else." Black's Law Dictionary 449 (7th edition 1999). Moreover, as a term of art, a "legal dependent" is defined as "[a] person who is dependent according to law; a person who derives principal

4

In the end, the County opines, the "appropriate inquiry is whether [its] decision to include domestic partners as dependents in its plan is a reasonable method of implementing its authority."  This inquiry, the County concludes, must be answered in the affirmative.

> Under Dillon's Rule, [local governing bodies] have only those powers which are expressly granted by the state legislature, those powers fairly or necessarily implied from expressly granted powers, and those powers which are essential and indispensable. Where the state legislature grants a local government the power to do something but does not specifically direct the method of implementing that power, the choice made by the local government as to how to implement the conferred power will be upheld as long as the method selected is reasonable.  Any doubt in the reasonableness of the method selected is resolved in favor of the locality.

City of Virginia Beach v. Hay, 258 Va. 217, 221, 518 S.E.2d 314, 316 (1999)(citations omitted).

In light of these principles, we must decide whether the County's inclusion of domestic partners as defined by the County is a reasonable implementation of the County's authority to define an employee's dependent for purposes of coverage in the County's self-funded health benefits plan pursuant to Code §§ 15.2-1517(A) and 51.1-801.  For the reasons that follow and giving the County the benefit of

support from another."  Id. (emphasis added). Nevertheless, these definitions do not control our resolution of this appeal.

5

any doubt, we conclude that the County's definition of dependent is not reasonable and, therefore, violates the Dillon Rule.[4]

In 1997, responding to an inquiry from a member of the General Assembly, the Attorney General issued an opinion that the statutory scheme which permits local governments "to provide for their officers and employees [self-funded] group life, accident, and health insurance programs . . . [does not] contain any language from which a general legislative intent to extend insurance coverage to persons within the definition of 'domestic partner' may be inferred."  1997 Op. Va. Att'y Gen. 131, 131-32.  Citing prior interpretations applying the Dillon Rule and its corollary to the statutes at issue, id. at 131 n.8, the Attorney General concluded that "[i]n the absence of any statutory authority indicating an intent to permit a local governing body to extend health insurance coverage provided employees to persons other than the spouse, children or dependants of the employee . . . a county lacks the power to provide such coverage."  Id. at 132.  In reaching this conclusion, the Attorney General expressly noted that the

_____

[4]Accordingly, we need not address the Taxpayers' argument that the County has attempted to legislate in the field of domestic relations.

6

requirement that the employee be "financially interdependent" with the "domestic partner" was contrary to the established definition of a "dependant" as one who "must receive from the taxpayer over half of his or her support for the calendar year."  Id.

The County's benefit plan extends coverage to a County employee and one other adult, who may be the employee's spouse, another adult who is properly claimed as a dependent on the employee's federal tax return, or the employee's "domestic partner."  The County's definition of "domestic partner" includes eight criteria.  Only two of these criteria address financial dependency — sharing expenses and being "financially interdependent."  Neither of these criteria is synonymous with "financially dependent."

The inclusion of a spouse as a dependent for the purpose of coverage under the County's benefit plan does not eliminate the significance of this distinction.  It is a matter of common knowledge and experience that a spouse may or may not be financially dependent on the employee-spouse.  However, including a spouse as a dependent for coverage such as this is of such long standing that, even in the absence of financial dependence, there can be no dispute that the General Assembly contemplated that a

7

spouse would be included for coverage under local benefit plans.

It is, nevertheless, equally clear that the General Assembly in leaving the definition of dependent to the local governing bodies which adopt self-funded health insurance benefit plans did not contemplate adoption of a definition that does not require some aspect of financial dependence rather than mere financial interdependence. This is the essential position of the Attorney General's opinion cited above and, in our view, it is sound.

Considering Code §§ 15.2-1517(A) and 51.1-801 and the Attorney General's opinion, we are of opinion that the expanded definition of dependants eligible to receive coverage under the self-funded health insurance benefits plan adopted by the County is not a reasonable method of implementing its implied authority under those statutes and is, therefore, an ultra vires act.  Accordingly, the judgment below will be affirmed.

Affirmed.

JUSTICE KINSER, concurring.

I join the majority opinion.  However, I write additionally to point out that the central issue presented in this case is not, as stated in the dissenting opinion, whether "Arlington County [has] the legal authority to

8

recognize common law marriages or 'same-sex unions' by conferring certain health insurance benefits upon domestic partners of County employees who are engaged in these relationships."  Rather, the following comprise the assignments of error in this appeal:

1. The Court below erred by finding that Arlington County's coverage of domestic partners in its self-funded health benefits plan violates the Dillon Rule, and in granting Plaintiffs' Motion for Summary Judgment.

2. The Court below erred by not finding that the County has authority to define the term "dependents" to include domestic partners for its self-funded health benefits plan for County employees, and in failing to grant the County's Motion for Summary Judgment.

3. The Court below erred in failing to recognize that the County has authority under the reasonable selection of method rule to define "dependents" to include domestic partners for purposes of administering its self-funded health benefit plan for County employees, and in failing to grant the County's Motion for Summary Judgment.

Furthermore, in the appellee Taxpayers' brief filed in this appeal, only one of their three main arguments in support the circuit court's judgment addressed the issue that the dissent calls "fundamental" and "central."  In fact, the rationale utilized by the majority to affirm the circuit court's judgment is the same as that contained in the Taxpayers' first argument on brief, i.e, that Arlington County's definition of the term "dependent" to include

9

individuals who are merely "interdependent" violates the

Dillon Rule.

> If the present case were decided on the basis that Arlington County's definition of "dependant" for purposes of its self-funded health benefit plan is not a reasonable method of implementing its implied authority because the definition bestows a governmental benefit on certain relationships that contravene Virginia's public policy concerning marriage, the same could be said with regard to the tax benefit conferred pursuant to Code § 58.1-322(D)(2)(a).[5]  Under that section, a Virginia taxpayer can claim a deduction for each personal exemption available to the taxpayer for federal income tax purposes.  Under 26 U.S.C. § 151, a federal income tax exemption is available for each "dependent" of the taxpayer.  The term "dependent" is defined in 26 U.S.C. § 152.  In pertinent part, that section states that the term 'dependent' means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer: . . . (9) An individual(other than an individual who at any time during the taxable year was the spouse . . . of the taxpayer) who, for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household.

Subsection (b)(5) of 26 U.S.C. § 152 further states that

"[a]n individual is not a member of the taxpayer's

household if at any time during the taxable year of the

taxpayer the relationship between such individual and the

taxpayer is in violation of local law."

---

[5] The Taxpayers argue on brief that Arlington County's definition of "dependent" conflicts with the definition of that term under state and federal income tax laws.

If, as the dissent asserts, "[t]he County's expanded definition of eligible dependents is nothing more than a disguised effort to confer health benefits upon persons who are involved in either common law marriages or 'same-sex unions,'" then the allowance of an income tax deduction in Virginia based on the Internal Revenue Code's definition of "dependent" could also be deemed a "disguised effort" to confer a governmental benefit on taxpayers involved in the same kinds of relationships.  Aside from the requirement of financial interdependence, as opposed to dependency, an individual satisfying Arlington County's definition of "domestic partner" could also qualify as a "dependent" under 26 U.S.C. § 152(a)(9).  That fact does not mean that such an individual can violate Virginia's criminal statutes proscribing lewd and lascivious cohabitation, Code § 18.2-345; fornication, Code § 18.2-344; and consensual sodomy, Code § 18.2-361.

I do not intend in any way to suggest that I condone common law marriages or "same-sex unions."  Nor do I question that such relationships do, indeed, violate the public policy of Virginia.  However, neither my personal beliefs nor Virginia's public policy make it necessary to

decide this appeal on grounds that could call into question other sections of Virginia's laws.[6]


JUSTICE HASSELL, with whom CHIEF JUSTICE CARRICO and SENIOR JUSTICE COMPTON join, dissenting in part, and concurring in judgment.

                              I.

I dissent because the majority ignores the fundamental issue raised in this appeal:  Does Arlington County have the legal authority to recognize common law marriages or "same-sex unions" by conferring certain health insurance benefits upon domestic partners of County employees who are engaged in these relationships?  Even though a review of the briefs and record filed in this appeal demonstrates that this question is the primary issue raised in this appeal, the majority decides this case on another legal basis.  Arlington County, the appellant, agreed in its brief that "[t]he central question in this case is whether Arlington County's action of including its employees'

---

[6]  I also note that under Virginia's State and Local Government Conflict of Interests Act, the term "dependent" is defined as "a son, daughter, father, mother, brother, sister or other person, whether or not related by blood or marriage, if such a person receives from the officer or employee, or provides to the officer or employee, more than one-half of his financial support."  (Emphasis added.) Code § 2.1-639.2.  See also Code §§ 2.1-639.15, 2.1-639.15:1, 2.1-639.31, 2.1-639.41, 26-69, 34-4, and 59.1-365.

domestic partners as dependents in the County's self-funded health benefits plan violates Dillon's Rule."

I respectfully disagree with the majority's decision to ignore the central issue raised in this appeal.  This Court has a duty, as well as an obligation, to decide issues of great importance to the citizens of this Commonwealth when, as here, those issues are properly presented to this Court.

II.

Arlington County implemented a self-funded health benefits plan for its employees.  Pursuant to the plan, effective July 1, 1997, County employees were permitted to "add <u>one</u> adult dependent to their health and/or dental policy."  The County stated, in its <u>Employee Relations Benefits Newsletter</u> that:

"The adult dependent may be:

"a.  The employee's legal spouse;

     "- or -

"b.  The domestic partner of the employee who:

     "- has resided with the employee for a 1 year        period;
     "- shares with the employee the common
        necessities of life and basic living
        expenses;
     "- is financially interdependent with the
        employee;

13

"- is involved with the employee in a
mutually    exclusive relationship of support
and        commitment;
"- is not related by blood to the employee;
"- is not married to anyone;
"- was mentally competent at time of consent
to    relationship;
"- is 18 years of age or older.

"- or -

"c.  Other adult dependent who meets the IRS
     definition of dependent and whom the
     employee claims as a dependent on his/her
     federal income tax return."

The County made the following stipulations of fact in

the circuit court:

"An employee who applies for health
insurance benefits coverage must complete a form
to certify the eligibility of any dependents for
whom coverage is requested.  An employee applying
for domestic partner coverage must certify that
the employee and the domestic partner meet the
criteria established by the County.  Arlington
County may require documentation to support
eligibility for coverage.  Any employee who
provides false information is subject to
disciplinary action and appropriate legal
action."

Andrew White, Diana White, and Wendell Brown,

residents and taxpayers of Arlington County, initiated this

proceeding by filing a bill of complaint in the circuit

court challenging the County's authority to confer health

insurance benefits upon "unmarried domestic partners of its

employees."  They sought a declaration that the County

lacked the statutory or constitutional authority to grant

14

health insurance benefits to the unmarried domestic partners, and that Arlington County's policy of extending health insurance benefits to the unmarried domestic partners of Arlington County employees violates state public policy favoring marriage of two adults over the unmarried cohabitation of two adults.  The taxpayers sought to enjoin the County from granting health insurance benefits to the domestic partners of its employees or from expending any tax money on the health insurance benefits for domestic partners of Arlington County employees.

The primary issue that the taxpayers raised in the circuit court was that the County had violated the Dillon Rule because the General Assembly had not conferred upon the County the power to grant health insurance benefits to domestic partners of County employees.  The circuit court entered a judgment in favor of the taxpayers which states in relevant part that "Arlington County's coverage for domestic partners in its self-funded health benefit plan for County employees violates the Dillon Rule."  The circuit court, however, did not articulate the precise reasons it relied upon in reaching its conclusion.

On appeal, the County argues that the circuit court erred because the County's health insurance coverage for its employees' domestic partners in its self-funded benefit

plan does not violate the Dillon Rule.  The County also argues that it has authority to determine which dependents are eligible for coverage and that its decision to include domestic partners of County employees as dependents in the County's self-funded health benefits plan must be approved as long as the County's action is reasonable.

We stated in City of Chesapeake v. Gardner Enterprises, 253 Va. 243, 246, 482 S.E.2d 812, 814 (1997), that

> "[t]he Dillon Rule of strict construction controls our determination of the powers of local governing bodies.  This rule provides that municipal corporations have only those powers that are expressly granted, those necessarily or fairly implied from expressly granted powers, and those that are essential and indispensable. Ticonderoga Farms v. County of Loudoun, 242 Va. 170, 173-74, 409 S.E.2d 446, 448 (1991); City of Richmond v. Confrere Club of Richmond, 239 Va. 77, 79, 387 S.E.2d 471, 473 (1990)."

Accord Board of Supervisors v. Countryside Inv. Co., 258 Va. 497, 503, 522 S.E.2d 610, 612-13 (1999); City of Virginia Beach v. Hay, 258 Va. 217, 221, 518 S.E.2d 314, 316 (1999).  We specifically discussed the application of the Dillon Rule to counties in Board of Supervisors v. Horne, 216 Va. 113, 117, 215 S.E.2d 453, 455-56 (1975):

> "In Virginia the powers of boards of supervisors are fixed by statute and are limited to those conferred expressly or by necessary implication.  Gordon v. Fairfax County, 207 Va. 827, 832, 153 S.E.2d 270, 274 (1967); Johnson v.

16

Goochland County, 206 Va. 235, 237, 142 S.E.2d 501, 502 (1965). This rule is a corollary to Dillon's Rule that municipal corporations have only those powers expressly granted, those necessarily or fairly implied therefrom, and those that are essential and indispensable. City of Richmond v. County Board, 199 Va. 679, 684-85, 101 S.E.2d 641, 644-45 (1958)."

Code § 15.2-1517(A), which permits a locality to provide health insurance programs, states in relevant part that "[a]ny locality may provide . . . health insurance programs for their officers and employees . . . through a program of self-insurance." Code § 51.1-801 provides in relevant part that a "local governing body may, through self-funding . . . provide . . . sickness insurance coverage for officers and employees . . . and their dependents." The General Assembly, however, did not define the word "dependents." The County argues that the "appropriate inquiry is whether [its] decision to include domestic partners as dependents in its plan is a reasonable method of implementing its authority."

We have stated the following principles that we must apply when ascertaining whether a power may be implied from a statutory grant to a county:

"In questions of implied power, the answer is to be found in legislative intent. To imply a particular power from a power expressly granted, it must be found that the legislature intended that the grant of the express also would confer the implied.

17

"In determining legislative intent, the rule is clear that where a power is conferred and the mode of its execution is specified, no other method may be selected; any other means would be contrary to legislative intent and, therefore, unreasonable.  A necessary corollary is that where a grant of power is silent upon its mode of execution, a method of exercise clearly contrary to legislative intent, or inappropriate to the ends sought to be accomplished by the grant, also would be unreasonable.

"Consistent with the necessity to uphold legislative intent, the doctrine of implied powers should never be applied to create a power that does not exist or to expand an existing power beyond rational limits.  Always, the test in application of the doctrine is reasonableness, in which concern for what is necessary to promote the public interest is a key element."

Commonwealth v. Arlington County Board, 217 Va. 558, 577, 232 S.E.2d 30, 42 (1977) (citations omitted); accord Tidewater Ass'n of Homebuilders, Inc. v. City of Virginia Beach, 241 Va. 114, 119, 400 S.E.2d 523, 526 (1991).

The County's expanded definition of the word "dependents" clearly and unequivocally violates the Dillon Rule.  This definition is an unreasonable method of implementing the power granted to the County under Code §§ 15.2-1517(A) and 51.1-801.  The County's expanded definition of eligible dependents is nothing more than a disguised effort to confer health benefits upon persons who are involved in either common law marriages or "same-sex unions," which are not recognized in this Commonwealth and are violative of the public policy of this Commonwealth.

18

The General Assembly, by enacting Code § 20-45.2, expressly prohibited marriage between persons of the same sex.  This Code provision states in relevant part that "[a] marriage between persons of the same sex is prohibited."  Also, we have held that Virginia does not recognize common law marriages.  Murphy v. Holland, 237 Va. 212, 219-220, 377 S.E.2d 363, 367-68 (1989).

Furthermore, and just as important, the County's expanded definition of dependents is inappropriate because it permits the County to legislate in the area of domestic relations, a prerogative that lies within the exclusive domain of the General Assembly of this Commonwealth.  See Cramer v. Commonwealth, 214 Va. 561, 564-65, 202 S.E.2d 911, 914, cert. denied, 419 U.S. 875 (1974).  The General Assembly, not a county, is entrusted with the responsibility of recognizing and defining marital relationships.

Certainly, the General Assembly did not intend, by its enactment of Code §§ 15.2-1517(A) and 51.1-801, to grant counties, like Arlington, the power to recognize common law marriages or "same-sex unions."  Even a cursory review of Arlington County's eligibility criteria demonstrates that Arlington County seeks to recognize such relationships because the criteria require that the employee, who seeks

to add a non-employee as a dependent in the County's health plan, certify that the employee has resided with his or her domestic partner for a period of one year, "not [be] married to anyone," "[share] with the employee the common necessities of life and basic living expenses," "[be] financially interdependent with the employee," "not [be] related by blood to the employee," and "[be] involved with the employee in a mutually exclusive relationship of support and commitment." There can be no question or doubt that Arlington County seeks to recognize, tacitly, relationships that are violative of the public policy of this Commonwealth.

The County states, in a footnote in its reply brief filed in this Court, that "Virginia['s] state tax law permits one member of an unmarried couple living together to claim the other as a dependent for individual tax return purposes." The County relies upon an Attorney General's opinion as authority for this proposition. See 1985-1986 Att'y. Gen. 278, 279. Continuing, the County says that "if state tax law permits this, then it does not contravene state public policy for the County to provide health benefits to an employee's domestic partner." The County's contention is neither persuasive nor meritorious. The General Assembly did not, in the State's taxation statutes,

alter Virginia's public policy prohibition against common law marriages or "same-sex unions." Moreover, the state taxation statutes do not confer upon a county in this Commonwealth the authority to recognize, tacitly, common law marriages or "same-sex unions."

The majority holds that Arlington County's decision to provide health benefits to domestic partners of County employees violates the Dillon Rule only because the County's health benefits plan requires that the domestic partner be "financially interdependent with the employee." As I have already stated, the majority's opinion ignores the central issue in this appeal. The majority's decision to do so is troublesome because if the Arlington County Board of Supervisors deletes from its health benefits plan the provision that the majority finds offensive, and implements a health benefits plan that confers benefits upon partners of County employees who are involved in common law marriages or "same-sex unions," the taxpayers will be compelled to file another lawsuit to challenge the legality of the County's actions.

I think that a purpose of the appellate process is to render decisions that will adjudicate the primary principles of an appeal, thereby ending the litigation when possible. Unfortunately, because the majority has chosen

to ignore the primary issue in this appeal, the taxpayers and the County may incur additional legal fees to relitigate an issue that is already before the Court.  The majority's decision to ignore this issue may also result in a waste of judicial resources because, presumably, the circuit court and this Court will confront this issue again.  For these reasons, I cannot join in the opinion of the majority.

22