## CIRCUIT COURT OF FAIRFAX COUNTY

John D. Fowler

v.

Fairfax County
Police Officers
Retirement System
and Fairfax County
Board of Supervisors

### Case No. (Chancery) 169977

By Judge Henry E. Hudson

### December 14, 2000

This case is before the Court on a Petition for Temporary and Permanent Injunctive Relief. The Petitioner seeks to enjoin the Defendant, the Fairfax County Police Department Retirement System (Retirement System), from certifying the winning candidate in a currently pending election for a position on the Board of Trustees of that organization. Petitioner further requests that this Court order the Retirement System to permit him to cast a vote in this election. Because voting for the present vacancy closes on December 15, 2000, the Court heard evidence and argument in this case on an expedited basis.

Petitioner, a retired Fairfax County police officer, is a member of the Retirement System. During the present balloting, he requested and was denied the opportunity to vote in the trustee election. The president of the Board of Trustees testified that it was the policy of the Retirement System to allow only active members of the police department to vote in such elections. In fact, he stated that no retired police officer had ever been permitted to vote in Trustee elections. According to the president's testimony, this

long-standing practice is based on their interpretation of the pertinent state statute. The Petitioner challenges this interpretation and urges the court to enforce his right to vote in this election.

To support Petitioner's contention that retired members of the Retirement System should be allowed to vote in the election, Petitioner points to § 3-7-2 and § 3-7-10 of the Fairfax County Code. Petitioner cites these local ordinances, as controlling because he argues that the authority to determine who shall vote in the election of Trustees has been delegated to localities by several enabling statutes, amended and reenacted in Title 51, Chapter 8, of the Code by the General Assembly in 1990. *See generally,* §§ 51.1-805(2), 51.1-821, 51.1-822, Code of Virginia, 1950, as amended.

The enabling statute central to Petitioner's analysis is § 51.1-822, which states that "any county with an urban county executive form of government may by ordinance reserve the right to amend, suspend, or revoke the retirement plan and trust at any time." Petitioner's interpretation of this language extends the definition of "retirement plan" to include not only administrative aspects of the plan, but a locality's authority to broaden the class of individuals who may vote for the Board of Trustees beyond "members of the police department" as indicated in § 51-127.10 of the Code of Virginia. Pursuant to § 51.1-805, §§ 51-127.10 to 51-127.30 of the Code of Virginia all remain in effect for any county having an county executive form of government.

When a question of law revolves around whether a municipal government has exercised powers appropriately under an enabling statute, the Court must conduct its analysis in light of Dillon's Rule. Virginia has long followed and adhered to this strict rule of construction concerning the powers of local governing bodies. *Commonwealth v. Arlington County Bd.,* 217 Va. 558, 574, 232 S.E.2d 30 (1977). Under this Rule, "municipal governments have only those powers which are expressly granted by the state legislature, those powers fairly or necessarily implied from expressly granted powers, and those powers which are essential and indispensable." *City of Virginia Beach v. Hay,* 258 Va. 217, 221, 518 S.E.2d 314 (1999).

The Court is not persuaded in this case that the enabling statute has delegated to Fairfax County the right to expand or limit the class of persons who may exercise a vote in the election of the Retirement System's Trustees. The language cited by the Petitioner appears only to delegate the authority to "amend, suspend, or revoke … the retirement plan." Section 51.1-822, Code of Virginia, 1950, as amended. This language does not appear to include the statutorily mandated structure of the Board of Trustees.

There is no indication within this code section, or within the Article as a whole, that the term "plan" is to be defined as anything more than the actual

program set in place to collect and distribute benefits to retired employees of the police department. Though no statute provides a definition for the term "plan" within the Article, this interpretation of the term "plan" is consistent with the Article as a whole. For example, § 51.1-808(5) refers to the Board's ability to "amend the retirement plan" and speaks of such amendments as relating to "defining, enlarging, and improving *the benefits* that any member may receive." (Emphasis added.) Additionally, § 51-127.10 specifically addresses the manner in which Board members shall be elected and shows no intent by the legislature to delegate to localities the power to expand the members of the voting class. The section, instead, clearly states that two members of the Board "shall be elected by the majority vote of the members of the police department." § 51-127.10, Code of Virginia, 1950, as amended. Thus, it appears to this Court that the General Assembly has not delegated to localities the power to adopt ordinances governing how and by whom such Trustees shall be elected. Therefore, the Petitioner's claim to a voting right must fail, for § 51-127.10 makes clear that only "members of the police department," and not its retirees, shall have the right to vote for two of the five Trustee positions.

Assuming, however, that the enabling statute indeed was an express or implied power grant by the General Assembly to localities, enabling them to enact ordinances relating to the method of electing such police department retirement trustees, the local ordinance would still fail the test of reasonableness under Dillon's Rule. The Rule makes clear that "the choice made by the local government as to how to implement the conferred power will be upheld as long as the method selected is reasonable." *City of Virginia Beach v. Hay*, 258 Va. at 221. However, it has also been established that if a method chosen to implement an express or implied power is contrary to legislative intent, it should be found unreasonable by the Court. *Commonwealth v. Arlington County Bd.*, 217 Va. at 577.

As noted previously, Virginia law explicitly states that only "members of the police department" shall be vested with the right to cast a ballot in a Board election. Section 51-127.10, Code of Virginia, 1950, as amended. Section 3-7-10 of the Fairfax County Code; however, is in direct conflict with this statute. It provides that two trustees shall be elected by "members of the System" and defines such a "member" within § 3-7-2(1) as "a full-time employee, or a part-time employee ... or a former employee entitled to benefits under the System." In light of the General Assembly's intent, expressed within the clear language of § 51-127.10, the Court must find Fairfax County's expansion of the voting class to include former officers is an unreasonable implementation of the County's authority under the enabling statute. A plain reading of the Virginia statute indicates that voting rights are

granted only to current active police department members; thus, any enlargement within the Fairfax County Code of this membership exceeds the scope intended by state law and must, as a result, be found unreasonable.

For the foregoing reasons, the Petitioner's motion to grant a temporary and permanent injunction must be denied. As a matter of law, the Petitioner clearly is not a member of the defined voting class for casting a ballot in the current Board of Trustees election. In light of the Court's ruling, it is unnecessary for the Court to reach the other issues raised by the Petitioner and Defendant.

### Order Denying Petitioner's Motion
### for a Temporary and Permanent Injunction

This matter is before the Court on Petitioner's Motion for a Temporary and Permanent Injunction. For the reasons stated in the December 14, 2000, Memorandum Opinion accompanying this Order, the Petitioner's Motion for a Temporary and Permanent Injunction is denied.

### December 21, 2000

On December 14, 2000, following oral argument and submission of memoranda by counsel, this Court issued an Order Denying Petitioner's Motion for a Temporary and Permanent Injunction. The Court subsequently granted the motion of the Board of Supervisors to intervene. The Board of Supervisors filed an immediate Motion to Reconsider that portion of the Court's ruling declaring that portions of Fairfax County Code §§ 3-7-1 and 3-7-10 violated Dillon's Rule.

After reviewing further memoranda and hearing a second round of oral argument, the pivotal issue remains the same. Does § 51.1-822, Code of Virginia, 1950, as amended, authorize the Board of Supervisors to enlarge the members of the voting class entitled to cast ballots for the Board of Trustees of the Fairfax County Police Department Retirement System, in light of the clear language of § 51.1-807, Code of Virginia to the contrary?

Section 51.1-807 indicates that any county that decides to establish a police officers pension and retirement board must structure the board in a specified fashion. The statute further provides that two members of the board of trustees "shall" be elected by a "majority vote of the members of the police department." By ordinance Fairfax County has expanded this class to include retired officers. There is no question that the Defendant retirement system was created pursuant to § 51.1-807. Moreover, the election at issue involves a trustee selected by members of the system who are active police officers.

In support of their argument that Fairfax County is entitled to enlarge the voting class to include retired officers who are members of the retirement system, the Petitioner and the Board of Supervisors focus on § 51.1-822. This statute, tailored specifically to Fairfax County, allows the governing body, by ordinance, to "amend, suspend, or revoke the retirement plan and trust at any time, so long as the benefits payable under the plan are consistent with § 51.1-800." The core of the argument advanced by the Petitioner and Board of Supervisors is that the terms "plan" and "trust" encompass the structure and method by which the trustees are selected. The Court does not agree.

The Court has reviewed the prior acts of the General Assembly relating to police pension and retirement systems, as well as the only Virginia Supreme Court decision touching this statute, *Bonavita v. Board of Trustees,* 236 Va. 31, 372 S.E.2d 366 (1988). Unfortunately, neither provides significant guidance. They confirm that Fairfax County is empowered to amend, suspend, or revoke the benefits, contributions, and investment scheme, but do not address the governance of the retirement system.

As a counter point, the Board of Supervisors argues that, if the County is authorized to revoke the plan or trust, it logically follows that it can modify its governing structure. The Court does not believe that this reflects the legislative intent underlying § 51.1-822. In the Court's view, this element of the statute enables Fairfax County to opt out of the statutory retirement system and absorb police officers into the County retirement plan, should it choose to do so.

However, the Court remains of the opinion that, since Fairfax County elected to adopt a police officers retirement system pursuant to § 51.1-807, it must abide by the statutorily mandated system of governance. To the extent that Fairfax County Code §§ 3-7-1(1) and 3-7-10 are inconsistent with § 51.1-807, Code of Virginia, the Court finds that the ordinances are invalid. The Court's rationale is more particularly expressed in the Court's Memorandum Opinion of December 14, 2000.

The Board of Supervisors Motion to Reconsider is therefore denied.

### *Final Order*

This matter is again before the Court on the Board of Supervisors Motion for Reconsideration of the Court's Order of December 14, 2000, denying the Petitioner's Motion for a Temporary and Permanent Injunction. For the reasons stated in the Court's Memorandum Opinion of December 21, 2000 the Board of Supervisors Motion for Reconsideration is denied.