# CIRCUIT COURT OF PAGE COUNTY

Charles Ballard

v.

Page County
Board of Supervisors

March 16, 2001

Case No. (Law) 01-12

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on March 14, 2001, on an appeal from a decision by the county administrator that the discharge of the Page County Economic Development Director was not a grievable issue under the county's grievance procedure, because the position of Economic Development Director was excluded from the coverage of the county's grievance policy. The parties appeared with their counsel: Timothy E. Cupp, Esquire, for the Petitioner; and Rodger L. Smith, Esquire, for the Respondent County. All the parties prefiled exhibits were admitted. The case was briefed and argued, and the Court has made the following decision to affirm the county administrator's decision that a grievable issue has not been presented and to dismiss this appeal.

## I. *Statement of Material Proceedings and Facts*

The following facts are established in the record of this case.

The Page County Board of Supervisors appointed the Petitioner, Charles Ballard, as the Economic Development Director for Page County effective May 3, 1999.

On December 6, 1999, the Board appointed Mr. Ballard to serve jointly as the County Administrator and Economic Development Director. Mr. Ballard assumed these joint duties effective January 1, 2000. *See*

Respondent's Exhibit A. Mr. Ballard served as County Administrator and Economic Development Director from January 1, 2000, to September 28, 2000. On September 28, 2000, the Board suspended Mr. Ballard for thirty days. *See* Respondent's Exhibit B.

In October 2000, the Board appointed Dean BeLer as the new County Administrator.

On October 30, 2000, Mr. Ballard returned to work as the Economic Development Director for the County. Upon his return, Mr. Ballard signed a performance plan acknowledging that he was serving solely as Director of Economic Development — a "Department Head" within the county government. *See* Respondent's Exhibit D.

On January 10, 2001, the County prepared an assessment of Mr. Ballard's Performance. *See* Respondent's Exhibit E.

As of January 16, 2001, the Petitioner was employed as the Economic Development Director of Page County. In that capacity, the Petitioner had been restricted by the Board of Supervisors, and he supervised no other employees. The Petitioner reported directly to the Page County Administrator, who had closely supervised the Petitioner's work since the September 28, 2000, demotion.

On January 16, 2001, Mr. Ballard delivered a memorandum to the Board, dated January 15, 2001, stating that Mr. Ballard was "officially filing a grievance" because he suspected that the County was going to terminate his employment. *See* Respondent's Exhibit F.

On January 18, 2001, the Board notified Mr. Ballard that it intended to terminate his employment effective January 23, 2001, pursuant to section 8.1 of the County's personnel policies. *See* Respondent's Exhibit G. Section 8.1 provides: "Termination by an *appointing authority* of the service of an employee shall be termed a removal when, in the opinion of the *appointing authority*, the employee is disqualified from continuing to render satisfactory services." *See* Respondent's Exhibit C (emphasis supplied).

On January 23, 2001, Mr. Ballard's employment with Page County was terminated at a meeting of the Board of Supervisors. Dean BeLer and Rodger Smith called the Petitioner into a separate room after the notice of termination was given by the Board and discussed the status of the grievance.

On January 25, 2001, Mr. BeLer informed Mr. Ballard that he was not eligible to participate in the County's Grievance Procedure. *See* Respondent's Exhibit H. Mr. BeLer informed Mr. Ballard that he was ineligible to file a grievance because he was an appointee of the Board and he was a Department Head of the County government; therefore, he was lawfully excluded from the

County's Grievance Procedure in accordance with Virginia Code § 15.2-1507(A)(3)(a).

On February 2, 2001, Mr. Ballard noted an appeal of Mr. BeLer's determination.

On February 16 and 17, 2001, Mr. Ballard called Mr. BeLer and left voice mail messages stating his intent to file a grievance regarding his termination.

On February 28, 2001, Mr. Ballard filed a written grievance. In his grievance, Mr. Ballard alleged that the suspension, performance assessment, notice of intent to terminate his employment, pre-termination hearing, and termination were arbitrary and capricious. *See* Respondent's Exhibit I.

On March 2, 2001, Mr. BeLer responded to Mr. Ballard's grievance. Mr. BeLer again informed Mr. Ballard that he was excluded from the County's Grievance Procedure in accordance with Virginia Code § 15.2-1507(A)(3)(a). *See* Respondent's Exhibit J. The Petitioner then appealed the county administrator's decision to this Court.

## II. *Conclusions of Law*

Virginia Code 15.2-1507(A)(9)(b) expressly provides that the "court . . . shall hear the appeal [in a grievance procedure case] on the record transmitted by the chief administrative officer . . . and such additional evidence as may be necessary to resolve any controversy as to the correctness of the record. The court, in its discretion, may receive such other evidence as the ends of justice may require." Upon review of the findings of fact submitted by the parties and their exhibits, the Court determined that the record was sufficiently developed to determine the issue of whether the Petitioner was within the class of county employees who were excluded from the county grievance procedure, so there was no need to take additional evidence.

Section 2.3 of the Page County Personnel Policy provides that:

The appointing authority [for the employment of county employees] is the person or group of persons having authority to make appointments under the laws of the State and the County. The Board of Supervisors is the appointing authority for the County Administrator and the County Attorney. The County Administrator appoints department heads subject to the approval of the Board of Supervisors, and department heads appoint employees within their departments with the approval of the Board of Supervisors.

Appendix A to the Page County Personnel Policy sets forth the Page County Grievance Procedure, which essentially tracks the form prescribed by Virginia Code § 15.2-1507, and, consistent with the statutory format, it states:

> Unless otherwise provided by law, all nonprobationary county permanent full-time and part-time employees are eligible to file grievances with the exceptions set forth in § 15.1-7.2(C)(1) of the Code of Virginia [now Virginia Code § 15.2-1507(A)(3)(a)].

Virginia Code § 15.2-1507(A)(3)(a)(1) mirrors this language of the Page County Personnel Policy, but unlike the Page County Personnel Policy, it then lists the seven classes of employees who are excluded from the purview of the grievance procedure "unless otherwise provided by law," and these exceptions are incorporated by reference into the Page County Personnel Policy. Category "(1)" of the statutory exceptions is "appointees of elected groups or individuals," and Category "(4)" is "agency heads or chief executive officers of governmental operations." The County Administrator decided that the Petitioner was excluded from access to the county's grievance procedure on the grounds that the Petitioner was an appointee of the Board and because he was a department head of the County government.

Page County expressly excluded certain categories of county employees from the coverage of its Grievance Procedure by incorporating by reference the exclusions set forth in Virginia Code § 15.1-7.2(C)(1) (now § 15.2-1507(A)(3)(a)), which lists in seriatim fashion those classes of county employees which are excluded from coverage of the Page County Grievance Procedure, unless the county expressly decides to include them within its grievance procedure. Virginia Code § 15.2-1507(A)(3)(b). The statute further provides that the "chief administrative officer of each local government . . . shall determine the officers and employees excluded from the grievance procedure, and shall be responsible for maintaining an up-to-date list of the affected positions." Virginia Code § 15.2-1507(A)(3)(c). The Page County Administrator did not maintain this list, other than by incorporating by reference the excluded classes of the state statute, and the Petitioner argues that this is a fatal defect in the Page County Grievance Procedure. Had this list of excluded employees been maintained as prescribed by the statute, it is likely that this present proceeding would have been averted.

As previously noted, the county expressly incorporated in its Grievance Procedure the exclusions set forth in Virginia Code § 15.1-7.2(C)(1) (now § 15.2-1507(A)(3)(a)), which excludes "appointees of elected groups" and "agency heads or chief executive officers of governmental operations," and

this satisfies the requirements of § 15.2-1507(A)(3)(c) that the County maintain a list of employees not covered by the Grievance Procedure. While the issue was apparently not raised in *City of Virginia Beach v. Hay*, 258 Va. 217, 518 S.E.2d 314 (1999), the City of Virginia Beach Grievance Procedure only applied to "merit employees." and there is no mention in that case of the list of excluded employees prescribed by Virginia Code § 15.2-1507(A)(3)(c), and, like the Page County procedure, the Virginia Beach grievance procedure excluded by class description "appointees of the city council." *Id.* at 220.

In *Jamborsky v. Baskins*, 247 Va. 506, 511, 442 S.E.2d 636 (1994), the Supreme Court ruled that the twenty-one day period prescribed by Virginia Code § 16.1-269(E) for circuit court review of a juvenile court decision to transfer a criminal juvenile case to the circuit court was directory and not mandatory, stating:

> The procedural nature of this requirement is underscored by this Court's repeated holding that the use of *"shall," in a statute requiring action by a public official, is directory and not mandatory* unless the statute manifests a contrary intent. As this Court explained in *Commonwealth v. Rafferty*, 241 Va. 319, 402 S.E.2d 17 (1991), "[a] statute directing the mode of proceeding by public officers is to be deemed directory, and a precise compliance is not to be deemed essential to the validity of the proceedings, unless so declared by statute." *Id.* at 324, 402 S.E.2d at 20 (quoting *Nelms v. Vaughan*, 84 Va. 696, 699, 5 S.E. 704, 706 (1888) (citation omitted)).

(Emphasis added.)

More recently, in *Tran v. Board of Zoning Appeals*, 260 Va. 654, 657-58 (2000), the Supreme Court ruled that the use of the word "shall" in Virginia Code § 15.2-2312 (Board of Zoning Appeals shall render a decision within 90 days) was permissive not mandatory and stated:

> We have long held that "courts, in endeavoring to arrive at the meaning of language in . . . a statute, often are compelled to construe 'shall' as permissive in accordance with the subject matter and content." *Fox v. Custis*, 236 Va. 69, 77, 372 S.E.2d 373, 377 (1988). Moreover, we have repeatedly stated that "the use of the word 'shall' in a statute requiring action by a public official, is directory and not mandatory unless the statute manifests a contrary intent." *Jamborsky v. Baskins*, 247 Va. 506, 511, 442 S.E.2d 636, 638 (1994).

In the context of the state grievance procedure, the requirement of Virginia Code § 15.2-1507(A)(3)(c) that "chief administrative officer of each local government . . . *shall* determine the officers and employees excluded from the grievance procedure, and shall be responsible for maintaining an up-to-date list of the affected positions" is directory not mandatory. Therefore, even if the statutory list was not strictly maintained in accordance with the statutory prescription that does not vitiate the county administrator's authority to determine that an employee within the excluded class of county employees is not entitled to employ the county grievance procedure, where the Board of Supervisors has not acted to expressly include that employee or his class of employment within the purview of the county grievance procedure.

Page County argues that the Page County Economic Development Director is an "appointee" of the Board of Supervisors, which is an elected group within the meaning of Virginia Code § 15.2-1507(A)(3)(a)(1) and that the Economic Development Director is also an "agency head" within the meaning of Virginia Code § 15.2-1507(A)(3)(a)(4); therefore, Mr. Ballard is within the class of employees which the County may exclude from its Grievance Procedure pursuant to Virginia Code § 15.2-1507(A)(3)(a). "The General Assembly has not only recognized that appointment of employees by elected bodies is a method of filling positions which can be used by local governments, but it has also identified appointees of elected bodies as a category of employees which can legitimately be excluded [from] access to a personnel grievance procedure." *City of Virginia Beach v. Hay*, 258 Va. 217, 518 S.E.2d 314 (1999) (holding that assistant city attorney was excluded from city's grievance process). However, this case involved the application and interpretation of the county's grievance procedure, and the county's position that, as Economic Director, Mr. Ballard is an appointee of the Board of Supervisors for purposes of their grievance procedure is belied by the language of the Personnel Policy which provides that:

> The Board of Supervisors is the appointing authority for the County Administrator and the County Attorney. *The County Administrator appoints department heads subject to the approval of the Board of Supervisors. . . .*

Pursuant to the express terms of the Page County Personnel Policy, Department Heads are appointed by the County Administrator subject to the approval of the Board of Supervisors, so for purposes of the application of the Page County Personnel Policy, the Petitioner is an appointee of the County Administrator. The Petitioner began and ended his employment with the

County as a Department Head, which is an appointee of the County Administrator, whose appointment was approved by the Board of Supervisors; therefore, the Petitioner was not as an appointee of the Board of Supervisors within the meaning of the Page County Personnel Policy, except for the period of time that he served as County Administrator.

"Agency heads" are also an excepted category of employees, who are not within the purview of the grievance procedure, unless expressly included by affirmative action of the Board of Supervisors. Virginia Code § 15.2-1507(A)(3)(a)(4). The Petitioner was expressly designated to be a "Department Head" in his position as Economic Development Director. Respondent's Exhibit D. The statute is clear and unambiguous. If a statute is clear and unambiguous, a court will give the statute its plain meaning. *Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985). Where the statute is clear, the court may not "resort to legislative history and extrinsic facts" to interpret words whose meaning is clear; it must "take the words as written" and give them their plain meaning. *Id.* at 321. *Merriam Webster's Collegiate Dictionary* (tenth ed. 1993) defines "agency" as used in the statute as "an administrative division (as of a government) <the — for consumer protection>." Applying this commonly accepted and widely used definition, it is clear that the Petitioner was an "agency head" of Page County. While grievance procedure ordinances and statutes are remedial in nature and to be construed liberally, *see Sullivan v. Warren County Sch. Bd.*, 49 Va. Cir. 226 (Warren Co. 1999) (public school cafeteria supervisor), and *Burk v. Loudoun County Sch. Bd.*, 31 Va. Cir. 426 (Loudoun Co. 1993) (teacher), "[f]or this Court to place any limitation on the clear and comprehensive language of the statute, or to create an exception where none exists under the guise of statutory construction, would be to defeat the purpose of the enactment and to engage in judicial legislation." *Town of Crewe v. Marler*, 228 Va. 109, 114, 319 S.E.2d 748 (1984). Since the Petitioner was expressly designated a Department Head which is tantamount to an "agency head" of Page County, he was within the class of county employees which were excluded from participation in the Page County Grievance Procedure.

### III. Decision

For the foregoing reasons, it is adjudged and ordered that:

1. The Decision of the Page County Administrator that the discharge of the Page County Economic Director did not present a grievable issue under the Page County Grievance Procedure is affirmed.

2. The Petition for access to the Page County Grievance Procedure is denied.

3. The Petition for Review is dismissed with prejudice.