JUSTICE KOONTZ
delivered the opinion of the Court.
In this appeal, we consider whether a local governing body acted ultra vires in extending coverage under its self-funded health insurance benefits plan to unmarried “domestic partners” of its employees.
On March 12, 1998, Andrew White, Diana White, and Wendell Brown, residents and taxpayers of Arlington County (the Taxpayers), filed a bill of complaint in the trial court against Arlington County and its County Board (collectively, the County). The Taxpayers sought a declaration that the County lacked the authority to extend coverage to the newly defined category of domestic partners under its self-funded health insurance benefits plan. The Taxpayers also sought to enjoin the County from implementing the provision of benefits to domestic partners.
The parties filed cross-motions for summary judgment. Holding that “Arlington County’s coverage for domestic partners in its self-funded health benefit plan for County employees violates the Dillon Rule,”[1] the trial court granted the Taxpayers’ motion for summary judgment and denied the County’s motion. We awarded the County this appeal.
The record shows that in an Employee Relations Benefits Newsletter, issued in May 1997, the County announced that, effective July 1, 1997, “[tjhe definition of eligible dependents has been expanded under the [County’s self-funded] health plan” to allow “for coverage of one adult dependent, who can be [an employee’s] spouse, domestic partner, or other adult who is claimed as a dependent on [the employee’s] federal income tax return.” The Newsletter listed eight *711 criteria in defining an “adult dependent” as “[t]he domestic partner ... who”
- has resided with the employee for a 1 year period;
- shares with the employee the common necessities of life and basic living expenses;
- is financially interdependent with the employee;
- is involved with the employee in a mutually exclusive relationship of support and commitment;
- is not related by blood to the employee;
- is not married to anyone;
- was mentally competent at time of consent to relationship;
- is 18 years of age or older.
A stipulation entered into by the parties states that “[a] ‘domestic partner’ eligible for coverage as an adult dependent of a County employee under the County’s health benefits plan may be either a same-sex or opposite-sex domestic partner of a County employee,” that “[a]n employee applying for domestic partner coverage must certify that the employee and the domestic partner meet the criteria established by the County,” and that “[t]here are individuals who currently are covered as domestic partners of County employees under the County’s health benefits plan, and who have received benefits under the plan.” It was also stipulated that “[fjunds used by Arlington County to provide health benefits coverage for County employees and their adult dependents under the County’s self-funded plan include local tax dollars.”
Citing Code §§ 15.2-1517(A) and 51.1-801, the County correctly points out that “[t]he General Assembly specifically authorizes a local government to provide self-funded health benefit programs for its employees and their dependents.”[2] The County notes that neither statute defines the term “dependent” or refers to other statutory provisions that define the term for different purposes. Continuing, the County further notes that no express statutory provision specifies which employee dependents are eligible to participate in a locality’s self-funded health benefits plan or by what method their eligibility is to be determined.
*712 Under these circumstances, the County correctly maintains, “[t]he power to determine who is an employee’s dependent ... is fairly and necessarily implied.” Furthermore, the County asserts, “the locality must make [the] determination itself”; indeed, it “could not carry out its authority without exercising its discretion.” In the process, the County submits, the term “dependent” should be given its plain and ordinary meaning as one “[rjelying on ... the aid of another for support.”[3] The American Heritage Dictionary 501 (2nd College Ed. 1985).
In the end, the County opines, the “appropriate inquiry is whether [its] decision to include domestic partners as dependents in its plan is a reasonable method of implementing its authority.” This inquiry, the County concludes, must be answered in the affirmative.
Under Dillon’s Rule, [local governing bodies] have only those powers which are expressly granted by the state legislature, those powers fairly or necessarily implied from expressly granted powers, and those powers which are essential and indispensable. Where the state legislature grants a local government the power to do something but does not specifically direct the method of implementing that power, the choice made by the local government as to how to implement the conferred power will be upheld as long as the method selected is reasonable. Any doubt in the reasonableness of the method selected is resolved in favor of the locality.
City of Virginia Beach v. Hay, 258 Va. 217, 221, 518 S.E.2d 314, 316 (1999) (citations omitted).
In light of these principles, we must decide whether the County’s inclusion of domestic partners as defined by the County is a reasonable implementation of the County’s authority to define an employee’s dependent for purposes of coverage in the County’s self-funded health benefits plan pursuant to Code §§ 15.2-1517(A) and 51.1-801. For the reasons that follow and giving the County the ben *713 efit of any doubt, we conclude that the County’s definition of dependent is not reasonable and, therefore, violates the Dillon Rule.[4]
In 1997, responding to an inquiry from a member of the General Assembly, the Attorney General issued an opinion that the statutory scheme which permits local governments “to provide for their officers and employees [self-funded] group life, accident, and health insurance programs ... [does not] contain any language from which a general legislative intent to extend insurance coverage to persons within the definition of ‘domestic partner’ may be inferred.” 1997 Op. Va. Att’y Gen. 130, 131-32. Citing prior interpretations applying the Dillon Rule and its corollary to the statutes at issue, id. at 131 n.8, the Attorney General concluded that “[i]n the absence of any statutory authority indicating an intent to permit a local governing body to extend health insurance coverage provided employees to persons other than the spouse, children or dependents of the employee ... a county lacks the power to provide such coverage.” Id. at 132. In reaching this conclusion, the Attorney General expressly noted that the requirement that the employee be “financially interdependent” with the “domestic partner” was contrary to the established definition of a “dependent” as one who “must receive from the taxpayer over half of his or her support for the calendar year.” Id.
The County’s benefit plan extends coverage to a County employee and one other adult, who may be the employee’s spouse, another adult who is properly claimed as a dependent on the employee’s federal tax return, or the employee’s “domestic partner.” The County’s definition of “domestic partner” includes eight criteria. Only two of these criteria address financial dependency — sharing expenses and being “financially interdependent.” Neither of these criteria is synonymous with “financially dependent.”
The inclusion of a spouse as a dependent for the purpose of coverage under the County’s benefit plan does not eliminate the significance of this distinction. It is a matter of common knowledge and experience that a spouse may or may not be financially dependent on the employee-spouse. However, including a spouse as a dependent for coverage such as this is of such long standing that, even in the absence of financial dependence, there can be no dispute that the *714 General Assembly contemplated that a spouse would be included for coverage under local benefit plans.
It is, nevertheless, equally clear that the General Assembly in leaving the definition of dependent to the local governing bodies which adopt self-funded health insurance benefit plans did not contemplate adoption of a definition that does not require some aspect of financial dependence rather than mere financial interdependence. This is the essential position of the Attorney General’s opinion cited above and, in our view, it is sound.
Considering Code §§ 15.2-1517(A) and 51.1-801 and the Attorney General’s opinion, we are of opinion that the expanded definition of dependents eligible to receive coverage under the self-funded health insurance benefits plan adopted by the County is not a reasonable method of implementing its implied authority under those statutes and is, therefore, an ultra vires act. Accordingly, the judgment below will be affirmed.

Affirmed.

 “[T]he powers of boards of supervisors are fixed by statute and are limited to those conferred expressly or by necessary implication.” Board of Supervisors v. Horne, 216 Va 113, 117, 215 S.E.2d 453, 455 (1975). This rule is corollary to the Dillon Rule that municipal corporations are similarly limited in their powers. Id. at 117, 215 S.E.2d at 455-56. Because the trial court and the parties refer to the Dillon Rule, we will also in this opinion.

 Code § 15.2-1517(A) states that “[a]ny locality may provide . . . health insurance programs for their officers and employees . . . through a program of self-insurance,” and § 51.1-801 states that a “local governing body may, through self-funding . . ., provide . . . sickness insurance coverage for officers and employees . . . and their dependents.”

 In this regard, however, we note that a dependant is also defined as “one not able to exist or sustain oneself without the power or aid of someone else.” Black’s Law Dictionary 449 (7th edition 1999). Moreover, as a term of art, a “legal dependent” is defined as “[a] person who is dependent according to law; a person who derives principal support from another.” Id. (emphasis added). Nevertheless, these definitions do not control our resolution of this appeal.

 Accordingly, we need not address the Taxpayers’ argument that the County has attempted to legislate in the field of domestic relations.