COURT OF APPEALS OF VIRGINIA

Present: Judges Haley, Beales and Retired Judge Stephens[*]
Argued at Chesapeake, Virginia


JEFFREY WAYNE ROWE

                                                    MEMORANDUM OPINION[**] BY
v.      Record No. 3196-06-1                    JUDGE RANDOLPH A. BEALES
                                                           MAY 20, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Russell I. Townsend, Jr., Judge Designate

Jon M. Babineau (Saunders Barlow Riddick Babineau, PC, on brief),
for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Robert F. McDonnell, Attorney General, on brief), for appellee.


Jeffrey Wayne Rowe (appellant) was convicted after a bench trial of assault and battery on

a police officer, in violation of Code § 18.2-57(C). On appeal, appellant argues that the evidence

was insufficient to find him guilty of assaulting a police officer because the assault occurred in

Chesapeake but the officer was not employed by that jurisdiction. Based on the following, we

affirm this conviction.[1]

BACKGROUND

Officer Brian Fair, who worked for the City of Virginia Beach Police Department, had

finished his shift and was driving to his home in Chesapeake at 1:00 a.m. on July 9, 2005. He

_____

[*] Retired Judge J. Warren Stephens, Jr. took part in the hearing and consideration of this
case by designation pursuant to Code § 17.1-400(C).

[**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was also convicted of reckless driving, which he does not challenge.

was still in uniform, but was driving his personal car, a Toyota Tundra pickup truck. While driving down Interstate 64, he observed a Dodge pickup truck being driven very erratically, often losing control and almost hitting other cars or the barriers along the interstate.

Officer Fair followed the Dodge, which was driven by appellant. He called a dispatcher to request that the state police investigate appellant's driving. The dispatcher informed Officer Fair that no state or local police were available. The officer stayed in communication with the dispatcher, providing the license plate number for the Dodge truck and following appellant as he continued driving erratically around Chesapeake.

At one point, the officer thought he had lost the Dodge truck. However, he found the vehicle in a ravine beside the interstate. Officer Fair started walking down into the ravine, yelling that he was a police officer. He walked down into the ravine so that appellant could see him in the beams from the headlights of the Dodge. Officer Fair had his gun out, but held it "at the low ready" rather than pointing it at the truck. Officer Fair yelled, "Show me your F'ing hands," and appellant stuck his hands out the window. Then the officer yelled, "Shut off the vehicle," and appellant turned off the truck.

The officer started walking around the Dodge and ordered appellant to get out of the truck. Appellant immediately pulled his hands back into the truck, turned on the engine, and began moving the Dodge toward the officer. As Officer Fair attempted to get out of the way, the truck turned so as to continue toward him. The officer then yelled that he would shoot if the truck did not stop. When the truck did not stop, Officer Fair shot at the engine. The Dodge backed up and came at the officer a second time. Officer Fair shot the truck again, but it kept going and left the scene.

At trial, the Commonwealth introduced into evidence the Law Enforcement Mutual Aid Agreement (agreement). This agreement allows police officers who work for the City of

Virginia Beach to act as police officers in the City of Chesapeake if there is "an apparent, immediate threat to public safety [that] precludes the option of deferring action to the local law enforcement agency."

## ANALYSIS

Appellant contends that Officer Fair was not legally acting as a police officer for purposes of Code § 18.2-57(C) as he was not within Virginia Beach. We disagree.

Code § 18.2-57(C) says, in pertinent part:

> if any person commits an assault or an assault and battery against another knowing or having reason to know that such other person is . . . a law-enforcement officer as defined hereinafter, . . . engaged in the performance of his public duties, such person is guilty of a Class 6 felony, and, upon conviction, the sentence of such person shall include a mandatory minimum term of confinement of six months.

The section defines a law-enforcement officer as "any full-time or part-time employee of a police department or sheriff's office which is part of or administered by the Commonwealth or any political subdivision thereof."

Appellant does not argue that Officer Fair was not an "employee of a police department." He contends Officer Fair was not employed by the Chesapeake police department, and, therefore, he was not "engaged in the performance of his public duties." Appellant claims the officer's "public duties" are limited to one mile outside the geographic borders of Virginia Beach, pursuant to the geographic limits on a locality's authority delineated in Code § 19.2-250. He argues that the agreement "cannot change the statutory and common laws of the Commonwealth" to allow an officer employed in Virginia Beach to perform the duties of a Chesapeake police officer. We find the agreement gave Officer Fair authority to engage in the public duties of a police officer in the City of Chesapeake.

Chesapeake and Virginia Beach both signed the agreement, which gives police officers from one jurisdiction "authority to enforce the laws of the Commonwealth of Virginia and to perform the other duties of a law enforcement officer . . . only in such instances wherein an apparent, immediate threat to public safety precludes the option of deferring action to the local law enforcement agency." The Code specifically allows such agreements. Code § 15.2-1726.

The circumstances of this case clearly fall under the agreement. Officer Fair was faced with "an apparent, immediate threat to public safety," given appellant's erratic and reckless driving, which several times almost resulted in accidents or collisions with other vehicles. The state and local police could not respond and take over for Officer Fair. Therefore, Officer Fair was "engaged in the performance of his public duties," as authorized by the agreement, when appellant aimed his Dodge at the officer, put his foot on the gas, and drove directly at Officer Fair.

Appellant argues that the agreement did not give Officer Fair authority to act within the jurisdictional limits of the City of Chesapeake. He contends Code § 19.2-250, which limits the jurisdiction of a locality to one mile beyond its corporate limits, prevents Chesapeake from authorizing a Virginia Beach officer to act as a law-enforcement officer in Chesapeake. However, Code § 19.2-250 defines only the *geographic limits* of a locality's jurisdiction. It does not restrict a locality's authority to contract so that other jurisdictions' officers are empowered to act as police officers within the authorizing locality. Although appellant also argues that the "common law" prohibits such an agreement, he provides no authority for this contention, and we find no such "common law" principle exists, especially in light of the legislative enactment in Code § 15.2-1726 specifically giving this authority to localities. See Arlington County v. White, 259 Va. 708, 712, 528 S.E.2d 706, 708 (2000) (explaining Dillon's Rule).

The trial court reasonably found that Officer Fair was properly acting as a law-enforcement officer under the agreement and, therefore, was a police officer engaged in the performance of his public duties at the time appellant assaulted him.

CONCLUSION

We find the evidence was sufficient to convict appellant of assault and battery of a police officer, and we affirm his conviction for that crime.

<u>Affirmed.</u>