Present:  Hassell, C.J., Koontz, Kinser, Lemons, Goodwyn, and
Mims, JJ., and Russell, S.J.


ADVANCED TOWING COMPANY, LLC, ET AL.
                                    OPINION BY
v.  Record No. 091180    SENIOR JUSTICE CHARLES S. RUSSELL
                                  June 10, 2010
FAIRFAX COUNTY BOARD OF SUPERVISORS

              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        Bruce D. White, Judge

     This appeal challenges the validity of a county ordinance

under the Equal Protection guarantee contained in the

Fourteenth Amendment to the federal constitution and under the

Dillon Rule.  Because the case comes before us on demurrer, no

facts are in dispute and the appeal presents pure questions of

law.  See e.g., Dreher v. Budget Rent-A-Car Sys., 272 Va. 390,

395, 634 S.E.2d 324, 327 (2006) (decision whether to grant

demurrer involves issues of law subject to de novo review).

     Code § 46.2-1232(A) provides:

     **§ 46.2-1232.  Localities may regulate removal
     or immobilization of trespassing vehicles.** – A.  The
     governing body of any county, city, or town may by
     ordinance regulate the removal of trespassing
     vehicles from property by or at the direction of the
     owner, operator, lessee, or authorized agent in
     charge of the property.  In the event that a vehicle
     is towed from one locality and stored in or released
     from a location in another locality, the local
     ordinance, if any, of the locality from which the
     vehicle was towed shall apply.

     Pursuant to that section, the Fairfax County Board of

Supervisors (the Board) adopted, as a part of the county code,

an ordinance regulating the towing of vehicles.  Section 82-5-32(e) of the ordinance provides, in pertinent part:

> "Every site to which trespassing vehicles are towed shall comply with the following requirement:  (1) A tow truck operator must tow each vehicle to storage site located within the boundaries of Fairfax County . . . ."

## Proceedings

Advanced Towing Company, LLC, a firm having its principal place of business in Arlington County, Roadrunner Wrecker Service, Inc., a firm having its principal place of business in Loudoun County, and King's Towing, Inc., a firm having its principal place of business in the City of Fairfax (collectively, the Towing Companies) filed a complaint for declaratory judgment in the circuit court against the Board, contending that the territorial restriction contained in the ordinance violated their Equal Protection rights secured by the federal and state constitutions.

The Towing Companies alleged that they had contractual obligations to property management companies in Fairfax County for the removal of trespassing vehicles, that they were exposed to possible prosecution for towing vehicles to their storage lots located outside the county, that the ordinance unfairly discriminated against them and in favor of businesses located within the county, and that there was no rational basis for such discrimination.

2

The Board filed a demurrer, contending that the ordinance was entitled to a strong presumption of validity and that the complaint set forth no facts sufficient to overcome the presumption. The court sustained the demurrer but gave the Towing Companies leave to amend. The Towing Companies filed an amended complaint, the Board again demurred and the court again sustained the demurrer. The Towing Companies filed a motion to reconsider in which they asserted an additional ground for relief, challenging the ordinance as ultra vires under the Dillon Rule, contending that the ordinance exceeded the authority granted the county by the General Assembly.

The Board objected to the late assertion of the Dillon Rule, but both parties briefed and argued it before the circuit court, which considered and decided that question. The court denied the motion to reconsider, adhered to its previous rulings sustaining the Board's demurrer, and entered final judgment for the Board. We awarded the Towing Companies an appeal.

## Analysis

### A. Equal Protection

Respect for the separation of the powers of the legislative and judicial branches of government is an essential element of our constitutional system. See Va. Const. art. I, § 5 (providing that "the legislative,

3

executive, and judicial departments of the Commonwealth should be separate and distinct").  Unless a suspect classification or a fundamental constitutional right is involved, considerable deference must be accorded by the courts to legislative policy choices.

Here, the Towing Companies and the Board agree that the ordinance does not involve any suspect classification or fundamental constitutional right.  The territorial limitation under consideration does not, therefore, require heightened judicial scrutiny, but rather is subject to the most deferential standard of judicial review, the "rational basis" test.  Exxon Corp. v. Eagerton, 462 U.S. 176, 195-96 (1983).

> [E]qual protection is not a license for courts to judge the wisdom, fairness, or logic of legislative choices.  In areas of social and economic policy, a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against [an] equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.
>
> . . . .
>
> [A] legislative choice is not subject to courtroom factfinding and may be based on rational speculation unsupported by evidence or empirical data.

FCC v. Beach Communications, Inc., 508 U.S. 307, 313-15 (1993).

A legislative territorial limitation does not in itself offend the Fourteenth Amendment.  Cavalier Vending Corp. v.

4

State Bd. of Pharmacy, 195 Va. 626, 634, 79 S.E.2d 636, 640 (1954). The courts must defer to such a legislative choice if there is any reasonably conceivable state of facts that could provide a rational basis for the classification. Beach Communications, 508 U.S. at 313. Our analysis, therefore, is limited to ascertaining whether such a state of facts could have been within the rational contemplation of the Board when framing its ordinance.

The Towing Companies point out that if the Board's concern was the convenience of owners seeking to retrieve their towed vehicles, such owners would be better served if vehicles removed from the eastern part of Fairfax County, which has an area exceeding 400 square miles, were towed to nearby Arlington County, vehicles in the western part of the county were towed to nearby Loudoun County, and vehicles towed from the central part of the county were towed to the City of Fairfax. Therefore, the Towing Companies argue, because all their storage lots are located within 5 1/2 miles of the Fairfax County line, any such basis for the territorial restriction would be irrational.

The Board points to another basis justifying the territorial limitation. The Fairfax County ordinance in question contains a number of provisions regarding the safeguarding of stored vehicles, including nighttime

illumination, fencing, posted signs, and the like.  The second sentence of the enabling statute, Code § 46.2-1232(A), quoted above, expressly contemplates that a locality may permit vehicles to be towed to another locality for storage, and provides in such event that the ordinance "of the locality from which the vehicle was towed shall apply."  The Board points out that, notwithstanding that authorization, the statute makes no provision for the enforcement of any of its protective regulations in any other locality.  Thus, the Board argues, the only way to ensure that its regulations are enforced is to confine the towing of vehicles to the area in which its own officers have the authority to enforce them.

The Board's argument, based entirely on the pleadings before the court on demurrer, posits a "reasonably conceivable state of facts that could provide a rational basis for the classification" made by the ordinance under review.  The territorial limitation therefore survives analysis under the Equal Protection guarantee of the Fourteenth Amendment.[*]

### B. The Dillon Rule

Dillon's Rule stipulates that municipal corporations have only those powers expressly granted by statute, those

---

[*] The Towing Companies' complaint also referred to the anti-discrimination provisions of Article I, Section 11 of the Constitution of Virginia.  Because no argument was presented

6

necessarily implied therefrom, and those that are essential and indispensable to the exercise of those expressly granted. In Virginia, a corollary rule provides that boards of supervisors of counties are similarly limited to those powers conferred expressly or by necessary implication by statute. Our cases refer to these principles collectively as the Dillon Rule.  See Arlington County Bd. v. White, 259 Va. 708, 710 n.1, 712, 528 S.E.2d 706, 707 n.1, 708 (2000); City of Virginia Beach v. Hay, 258 Va. 217, 221, 518 S.E.2d 314, 316 (1999); Commonwealth v. Arlington County Bd., 217 Va. 558, 573-74, 232 S.E.2d 30, 40 (1977).

Further, our cases recognize the "reasonable selection of method" rule, which permits local governing bodies to exercise discretionary authority when a statutory grant of power has been expressly made but is silent upon the mode or manner of its execution.  Arlington County Bd., 217 Va. at 574-75, 232 S.E.2d at 40-41.

In the present case, the power to regulate towing is expressly granted to localities by Code § 46.2-1232(A). Although that section clearly implies that localities may permit vehicles to be towed outside their borders, it falls far short of compelling them to do so.  Subsection (B) of the

---

to the circuit court concerning that provision, we do not consider it on appeal.  Rule 5:25.

7

statute prohibits any requirement in a local towing ordinance that a towing business engage in any business other than a towing and recovery business.  Subsection (C) of the statute contains an extensive list of requirements that a local towing ordinance <u>may</u> impose on towing and recovery operators for the protection of the public, but none of those are mandatory upon the local governing bodies.  All are permissive and none relate to the locations to which vehicles may be towed.  <u>See</u> <u>e.g.</u>, <u>Harper v. Virginia Dep't of Taxation</u>, 250 Va. 184, 194, 462 S.E.2d 892, 898 (1995) (explaining that "the word 'may' is prima facie permissive, importing discretion . . .").

With respect to the territory within which vehicles are to be stored after being towed, the statutory grant of power to regulate towing is silent as to the manner of its execution.  It follows that the localities may exercise reasonable discretion in prescribing, by ordinance, the territory within which towed vehicles shall be stored without contravening the Dillon Rule.

## Conclusion

Because the circuit court correctly held that the ordinance in question did not offend the Equal Protection guarantee contained in the Fourteenth Amendment to the federal constitution and did not contravene the Dillon Rule, we will affirm the judgment.

8

<u>Affirmed.</u>